ARTHUR YEOMANS ET AL. V. WILLIAM E. PARKER ET AL.

*Mechanic's lien—Sufficiency of affidavit—Set-off.*

1. A claim of lien signed and verified by one member of a firm, in which he states that he is such member, giving the names of the remaining members; that he makes the affidavit for and on their behalf; that the firm furnished the material for which the lien is claimed in pursuance of a contract with the contractors; and that there is justly due said firm therefor a specified sum, for which said firm claims a lien,—properly shows the deponent's interest in and authority to make and verify said claim of lien.

2. A building contract provided that the contractors should complete the building to the entire satisfaction of the proprietor and architects, and the architects were given full power to reject all materials and workmanship not in full accordance with the spirit and meaning of the plans, drawings, and specifications, which were declared to form a part of said contract. After twice notifying the contractors to proceed with the work, the architects served a notice upon the contractors that they intended, in order to facilitate the work, to put a force of carpenters on the house, and have factory work ready by a given date; that all charges against the job would go against the contract; but that, if the contractors desired to effect a settlement, the architects were ready to talk to them. The contractors did not respond, or make any effort to comply with the contract, and, after waiting a reasonable time, the architects, who complained not only of the delay, but of the unsatisfactory character of the work, received bids from a number of persons for the completion of the work, and let the contract to the lowest bidder. The contractors neglected on demand to deliver up the plans and specifications, and the contractee was obliged to pay the architects for new ones. And, in proceedings by subcontractors to enforce a claimed lien, it is held that the contractee was entitled to offset as against the original contractors or the subcontractors the actual cost of the completion of the work, including the amount paid the architects for new plans and specifications.

3. The court refused to allow the amount paid by the contractee

to subcontractors who did the plastering, included in the original contract, and who refused to proceed unless the contractee would guarantee the payment to them of the contract price for said work, which the contractee did. And it is held that he should have been allowed said item.

Appeal from Wayne. (Lillibridge, J.) Argued April 3 and 4, 1895. Decided May 21, 1895.

Bill to enforce a mechanic's lien. Defendants appeal. Decree modified. The facts are stated in the opinion.

*George W. Radford* and *Edward A. Barnes,* for complainants.

*James H. Pound,* for defendants.

McGRATH, C. J. This is a proceeding to enforce a subcontractor's lien under Act No. 216, Laws of 1885.

There is no force in the objection that the claim of lien does not properly show the affiant's interest and authority.

The other objections to the form of the affidavit, to the omission of the notary's name in the copy filed, and to the proof of service, are disposed of by *Kirkwood v. Howie,* 95 Mich. 62.

The defendants Matthews agreed to complete the house to the entire satisfaction of the proprietor and architects for $1,970, and the architects were given full power to reject all materials and workmanship not in full accordance with the spirit and meaning of the plans and specifications. As early as July 26, 1890, the architects served the following notice upon the contractors:

"You having had due notice, and nothing having been done on Mr. Parker's house, we will start men to work there, and charge to your contract as per contract signed."

Again, on October 4, 1890, another notice was served setting forth that—

"The work is dallying along at Mr. Parker's house in

an unsatisfactory manner. Your contract and work is two weeks overdue," etc.

No attention was paid to this letter, and on October 8, 1890, the following notice was served:

"We hereby notify you that, in order to facilitate work on Mr. Parker's house, we intend to put a force of carpenters on house, and have factory work ready by Monday next. This in accordance with general conditions, last paragraph. In this way all charges against job would go against your contract; but, if you want to effect settlement now, we are ready to talk to you."

The contractors did not respond, nor did they make any effort to comply. After waiting a reasonable time, the architects, who complained not only of the delay, but of the unsatisfactory character of the work, received bids from a number of persons for the completion of the work, and let the contract to the lowest bidder. It cost Parker $734 to complete the work, and, because the original contractors neglected on demand to deliver up the plans and specifications, Parker was compelled to pay $50 additional to the architects. The circuit judge allowed Parker $600 for completing the work, basing that allowance upon estimates of witnesses as to the probable cost of completion.

The evidence was uncontradicted that the architects took proper measures to let the contract; that a number of bids were received; and that the contract was let to the lowest bidder. The evidence tends to show entire good faith on the part of the architects. Under such circumstances, Parker was entitled to offset as against the original contractors, or as against any subcontractors, the actual cost of the completion of the work, including the amount paid to the architects.

The court refused to allow the amount paid by Parker to the subcontractors who did the plastering. The plastering was included in the contract with Matthews & Son, and the parties to whom this amount was paid took the subcontract. They, however, refused to proceed unless

Parker guaranteed the payment to them of the contract price. Parker did so, and subsequently paid the same, and we think he should have been allowed that item.

Otherwise the decree is affirmed, with costs of this Court to defendant Parker.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, J., did not sit.