## LAZENBY *v.* WRIGHT.

1. MECHANICS' LIENS—STATEMENT OF LIEN.

    In proceedings to foreclose mechanic's lien, where it appears that defendants dealt with individual as contractor to build house for them, that they assigned to him their contract interest in the lot, and that every lienor named him as contractor in statement of lien, the finding of the trial court, as affecting sufficiency of statement, that he was the contractor rather than a corporation with which he. was connected, as claimed by defendants, was justified.

2. SAME—LIEN ON NEW HOUSE NOT DEFEATED BY FORFEITURE OF DEFENDANTS' INTEREST IN LAND CONTRACT ON LOT.

    Liens of materialmen and laborers on new house contracted for by defendants purchasing lot on contract were not defeated by forfeiture of defendants' interest in the land contract nor by judgment of restitution, but their liens are against the building alone and not against the land (3 Comp. Laws 1915, § 14798).

3. SAME—OWNERS MAY RECOUP DAMAGES FOR CONTRACTOR'S BREACH.

    In suit by materialmen and laborers to enforce mechanics' liens, owners have right to recoup damages, if any, caused by contractor's breach of contract.

4. SAME—CLAIM OF FRAUD AGAINST OTHERS NOT PARTIES TO SUIT NOT CONSIDERED.

    Claim of lienor, in suit to enforce mechanic's lien, that his lien is not against building alone under 3 Comp. Laws 1915, § 14798, but that he is entitled to lien on both land and building on allegation of conspiracy and fraud by or between defendants and others not parties to suit, is without merit, and not considered.

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 8, 1930. (Docket No. 52, Calendar No. 34,563.) Decided March 7, 1930.

Bill by William J. Lazenby against Arthur D. Wright and others to foreclose a mechanic's lien. From a decree for plaintiff, defendants appeal. Modified and affirmed.

*Sylvester Pheney,* for plaintiff.

*F. E. Rankin,* for defendants Wright.

*Corliss, Leete & Moody* (*Julian Dickinson*), for defendant Restrick Lumber Company.

CLARK, J. Arthur D. Wright and Marie Wright were contract purchasers of land in Detroit on which they wanted to build a dwelling. They made an agreement with one Robert A. Smith for erecting the house, and to that end assigned their vendees' interest to him. Smith made contracts with materialmen and laborers, among them the plaintiff, who did carpenter work, and plaintiff's assignor, Shelp, who did mason work. When the house had been "roughed in" the job was abandoned by the contractor. A number of mechanics' liens were filed, among them that of plaintiff and of Shelp. The vendor in the land contract gave notice of forfeiture to the Wrights and in summary proceedings had judgment for restitution.

The Wrights again became purchasers of the property and settled with defendant Restrick Lumber Company, lien claimant in largest amount, by giving it a mortgage on the property. Plaintiff filed bill to foreclose his lien and that of his assignor and had decree, from which defendants have appealed.

It is urged that the statements of lien are defective in naming Smith as contractor, and that in fact a corporation in which Smith was interested was the contractor. The finding of the trial court that Smith was in fact the contractor is approved. The Wrights

dealt with him, and assigned their contract interest to him. Every lienor named Smith as a contractor. He made the contracts. He was the contractor.

It is contended plaintiff's right to enforce lien was cut off by the forfeiture of the Wrights' interest as vendees and by the judgment in the summary proceedings. The statute provides, 3 Comp. Laws 1915, § 14798:

"Any person furnishing services or materials for the erection of a new building or structure upon land to which the person contracting for such erection has no legal title, shall have a lien therefor upon such [building] buildings or structure; and the forfeiture or surrender of any title or claim of title held by such contracting person to such land shall not defeat the lien upon such building or structure of such person furnishing services or materials as aforesaid. In case the property covered by the lien is held by the vendee in a land contract, and he surrenders or forfeits his rights thereunder, the person or persons holding such liens may be subrogated to the rights of such vendee, as his rights existed immediately before such surrender or forfeiture, by performing the covenants contained in such contract within 30 days after such forfeiture or surrender is made."

Plaintiff claims no right to subrogation under the last sentence of the quoted statute, so we are not concerned with whether he had notice of the forfeiture or of the proceeding for possession.

This was a new house. Under the first sentence of the statute plaintiff's right of lien on the house was not defeated by the forfeiture of the vendees' interest under the land contract nor by the judgment of restitution. The question is fully discussed in *Washtenaw Lumber Co.* v. *Belding,* 233 Mich. 608.

Plaintiff claims lien for the full amount due him. The Wrights had right to recoup damages, if any,

for the contractor's breach of contract. *Smalley* v. *Gearing,* 121 Mich. 190. But they claim no damage in their pleadings and establish none in their proofs. They have not contended in pleading nor shown by proof that plaintiff ought to recover, if he recovers at all, less than the full amount. *Delray Lumber Co.* v. *Keohane,* 132 Mich. 17. This question therefore is passed.

Plaintiff's contention that he is entitled to lien on both the land and the building on the allegation of conspiracy and fraud by or between defendants and others not parties hereto is without merit and calls for no consideration.

The decree will be modified to be against the building, not against the land, and, so modified, affirmed, with costs to defendants.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.