## SILVERSTEIN v. BERMAN.

Mechanics' Liens—Excessive Amount—Bad Faith—Time to File—Dismissal.

Suit to foreclose mechanic's lien was properly dismissed where evidence showed that claim was filed in bad faith for excessive amount, and also that claim was not filed within statutory 60-day period (3 Comp. Laws 1929, § 13105).

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 22, 1931. (Docket No. 99, Calendar No. 35,343.) Decided June 1, 1931.

Bill by Nathan Silverstein against Harry Berman and others to foreclose a mechanic's lien. From decree of dismissal, plaintiff appeals. Affirmed.

*Kennary, Minardo & Sklar* (*John Sklar,* of counsel), for plaintiff.

*Fixel & Fixel,* for defendant.

North, J. This is primarily a bill to foreclose a mechanic's lien. The trial court dismissed the bill of complaint, finding that plaintiff had in bad faith filed a claim of lien for an excessive amount and also that the claim of lien was not filed within the 60-day statutory period (3 Comp. Laws 1929, § 13105). Plaintiff has appealed. We quote briefly from the opinion filed by the circuit judge:

"The court finds on the controverted issues, that the lien of Nathan Silverstein was filed for the sum of $10,288; whereas it appears from the bill of complaint and the undisputed testimony that the amount

claimed due on the property in question was $8,058.48, and that the lienor was aware of the excess. The court concludes as a matter of law that this is an amount substantially greater than the amount due to the lien claimant and is contrary to the provision of 3 Comp. Laws 1915, § 14800 (3 Comp. Laws 1929, § 13105). This statement of an amount 25 per cent. in an excess of the actual amount claimed was not made in good faith but in an effort to aid the plaintiff in securing payment for work done on another job which he was doing for the defendant.

"The court finds as a fact that the plaintiff has not sustained the burden of proof in showing that the lien was filed within 60 days of the completion of the last work. The testimony is very much in dispute, but the burden is upon the plaintiff. The court, therefore, concludes as a matter of law that the lien fails on that account."

Was the claim of lien as to amount made in good faith? In his original bill of complaint plaintiff admitted he had filed a claim of lien for $10,288 which should have been for only $8,058.48. He alleged this error was "wholly unintentional" and that the claim of lien for the larger amount "was made honestly and in good faith." After the proofs were taken, and over the objection of the defendants Berman, plaintiff was permitted to change his position and amend his bill by alleging that there was still due him on this job $10,412.48 instead of $8,058.48. This alleged balance of the account was thus increased on the theory and claim that Silverstein was legally entitled to apply certain payments by Berman on another job which Silverstein was doing for Berman and on which Silverstein had waived claim of lien, instead of applying such payments on the job incident to which he now seeks to enforce this lien. We think this was an after-

thought. The facts do not justify plaintiff's claim, and the circuit judge correctly so found.

Was the claim of lien filed too late? Relying upon entries made by him in a time book, Rubin Kaplan, who had the plumbing contract, swore that this work was finished February 25, 1928. Admittedly this was the last work done under the Silverstein contract with Berman; and it was more than 60 days prior to the filing of the claim of lien on May 2, 1928.

A further review of the record would not be helpful. We have given it careful consideration and are satisfied that the decree must be affirmed. Appellee will have costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.