SACCHETTI *v.* RECREATION COMPANY.

1. MECHANICS' LIENS—BASEMENTS—FINAL WORK—FINDING OF COURT—EVIDENCE.

    In contractor's suit to enforce lien for material and labor incident to excavation and cement work for floor and walls of basement, evidence was sufficient to raise question of fact as to whether plaintiff abandoned the work or was forced to discontinue by acts of defendant and to sustain trial court's finding that plaintiff's work in pointing up wall and putting joists in place within statutory period of 60 days before filing statement and claim of lien was a necessary part of the contract and was done in good faith (3 Comp. Laws 1929, § 13101 *et seq.*).

2. SAME—GOOD FAITH—QUESTION OF FACT.

> Whether labor and material furnished within the statutory period but after the contract had been substantially completed were in good faith and for the purpose of completing the contract, or colorably to revive the lien, is a question of fact (3 Comp. Laws 1929, § 13101 *et seq.*).

3. SAME—FAILURE TO COMPLETE WORK—RECOUPMENT OF DAMAGES—STATUTES—EQUITY.

> In contractor's suit to enforce a mechanics' lien, a cross bill may be maintained to recoup for damages caused by failure to complete the contract since a court of equity has jurisdiction to settle all disputes relating to the same subject matter between the parties to the suit (3 Comp. Laws 1929, § 13101 *et seq.*).

4. SAME—FAILURE TO COMPLETE WORK.

> In a contractor's suit to enforce a material and labor lien before completing work contracted for, the owner may offset the cost of completing the work or recover damages for delay (3 Comp. Laws 1929, § 13101 *et seq.*).

5. SAME—APPEAL—EVIDENCE.

> On appeal in suit to enforce a material and labor lien the Supreme Court is not inclined to disturb result reached by trial court on accounting phase of suit, the value of the work performed and the losses and damages for nonperformance, where there is evidence supporting the findings made, as the trial judge heard and saw the witnesses (3 Comp. Laws 1929, § 13101 *et seq.*).

6. SAME—FAILURE TO COMPLETE WORK—CLAIM OF LIEN—BURDEN OF ESTABLISHING GOOD FAITH.

> In a contractor's suit to enforce a material and labor lien, plaintiff has the burden of establishing good faith in filing claim for full contract balance due although plaintiff had not completed the work and such balance exceeded the reasonable compensation for material furnished and labor performed (3 Comp. Laws 1929, § 13113).

7. SAME—CLAIM OF LIEN—GOOD FAITH.

> Where actual balance due plaintiff contractor was $314.55 and he filed claim of lien in sum of $1,084.55, the full balance due under contract he had not fully completed, such lien was void because not made in good faith (3 Comp. Laws 1929, § 13101 *et seq.*).

8. SAME—ACCOUNTING—VOID LIEN—COSTS.

    No costs are allowed on defendant's appeal from decree granting a lien for part of sum claimed where accounting is affirmed but lien declared void.

Appeal from Dickinson; Bell (Frank A.), J. Submitted October 8, 1942. (Docket No. 48, Calendar No. 41,957.) Decided January 4, 1943. Rehearing denied April 6, 1943.

Bill by Louis Sacchetti against Recreation Company, a Michigan corporation, to foreclose a mechanic's lien. Cross bill by defendant to recover damages for alleged breach of building contract. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Ray Derham,* for defendant.

BOYLES, C. J. Bill of complaint was filed in the circuit court for Dickinson county to obtain an accounting on a certain contract, and to enforce an alleged material and labor lien, under 3 Comp. Laws 1929, § 13101 *et seq.* (Stat. Ann. § 26.281 *et seq.*). (Subsequent amendment by Act No. 266, Pub. Acts 1941 [Comp. Laws Supp. 1942, § 13101 *et seq.,* Stat. Ann. 1942 Cum. Supp. § 26.281 *et seq.*], has no application to the case at bar.)

The bill of complaint alleges that the defendant was the owner of certain vacant lots in Iron Mountain, Dickinson county; that in 1939 defendant contracted for plaintiff to excavate on said land for a foundation and to build new basement walls and a concrete floor, for $1,500; that after plaintiff had partly completed the work defendant stopped the work and entered into a new contract for plaintiff to enlarge the excavation to include additional property, build foundation walls and concrete floors, and

set wood joists according to certain blueprints, for $1,700, plus payment for what work had already been done. Plaintiff claims that after part performance he was again prevented from completion by defendant, that the work was completed by a third party and accepted by defendant, and that plaintiff had fully performed his contract until prevented. The bill alleges that plaintiff gave defendant a statement under oath pursuant to statute, to comply with 3 Comp. Laws 1929, § 13104 (Stat. Ann. § 26.284), that he filed a statement of account and the amount due him, with the register of deeds, that the amount due him is $1,084.85, and the bill seeks foreclosure of a lien on defendant's land for that amount. Defendant answered, denied the material allegations of the bill, claimed that the plaintiff had abandoned the job, denied that the statement of lien complied with the statute or that it had been filed in the office of the register of deeds within 60 days after the last of the labor had been performed or materials furnished. Defendant also filed a cross bill asking for damages for plaintiff's failure to perform his contract, and set up as a special defense that plaintiff had failed to comply with the statute in furnishing the statement and filing a statement of lien.

At the conclusion of the trial the circuit judge dictated an opinion analyzing the testimony and after discussing the various claims and counterclaims concluded that a balance of $299.55, plus $15 interest, was due plaintiff, "and the plaintiff will be held to have established a lien for that amount." Decree was entered for plaintiff in the amount of $314.55, giving plaintiff a lien on the premises as described, "in accordance with the statute in like case provided." The decree contains the usual provisions for sale of the land by circuit court commis-

sioner at public sale in event of nonpayment, deed to the purchaser, period of redemption, and disposal of surplus, if any, from sale.

On appeal, defendant insists that the claim of lien was not filed in time to satisfy the statute, that the statement of lien was grossly and intentionally excessive and incorrect, and that the court erred in his findings as to the amount due. Appellee has not filed a brief in this court.

It is conceded that plaintiff had a contract to excavate, build walls and a cement floor or bed for bowling alleys for the defendant. Plaintiff started work in November, 1939, and had performed to the extent of $285 when the second contract increased the amount of work and the contract price was raised to $1,700. Plaintiff continued work in December and testified that the defendant moved sand, brick and other material into the basement so he could not complete the work without moving it out, that defendant refused to move it, that plaintiff waited a month or more, and that on January 23d he wrote defendant that he was waiting for notice to complete the job. Defendant, claiming that the plaintiff abandoned his contract, went ahead and had some other contractor complete the work. Plaintiff claims that after the floor was laid he finished his work, pointed up the wall, put the joists in place on March 7, 8, 9, 1940. The sworn statement and claim of lien was filed and served on May 7th. Subsequently (June 1st) plaintiff admitted an error in the statement, amounting to $11.25, by the inadvertent omission of an item for some used blocks that he had not put on his books.

There was a sharp issue of fact whether plaintiff abandoned the work, or was forced to discontinue by acts of the defendant. The record is plain that plaintiff waited for some time to complete the work,

and performed essential services on March 7, 8, 9, 1940, toward completing his contract. The statement and claim of lien filed and served May 7th was within the statutory period of 60 days from the date on which the last of the materials were furnished and the last of the labor performed. The evidence is sufficient to sustain the finding of the circuit judge that the work done on March 7th, 8th and 9th was a necessary part of the contract and done in good faith. *Zilz* v. *Wilcox,* 190 Mich. 486. A question of fact was raised and the testimony supports the finding.

"Whether labor and material furnished within the statutory period but after the contract had been substantially completed were in good faith and for the purpose of completing the contract, or colorably to revive the lien is a question of fact. *Turner* v. *Wentworth,* 119 Mass. 459." *Neely* v. *International Corn Products Corp.,* 232 Mich. 81, 86.

See, also, *Vander Horst* v. *Kalamazoo Apartments Corp.,* 239 Mich. 593.

Plaintiff claimed he was entitled to a decree for $1,084.85, the balance of $1,700 due and owing on the contract, on the ground that defendant had wrongfully prevented its completion. The defendant claimed abandonment of contract, asserted a claim of $300 for offset; recoupment of damages for delay, $3,000; for improper performance, $500; payment in excess of work actually performed; other bills contracted, $109.74. All this was denied by plaintiff in reply. The proofs as to these various claims and counterclaims are in direct conflict and the record bears out the comment of the circuit judge:

"You well know it is impossible for me to harmonize the testimony here.  *  *  *  There appeared enough exaggeration to render it difficult for the court to get at the actual facts."

A cross bill may be maintained to recoup for damages caused by failure to complete contract, since a court of equity has jurisdiction to settle all disputes relating to the same subject matter between the parties to the suit.

"On a bill to foreclose a mechanics' lien the defendant may maintain a cross bill to recover the damages sustained by claimant's failure to perform according to contract; that there is no express authority for such procedure in the lien law is immaterial, the authority being incident to the jurisdiction in such cases and flowing from the general power of equity to settle all disputes between the parties relative to a subject matter of which it has jurisdiction." *Koch* v. *Sumner* (syllabus), 145 Mich. 358 (116 Am. St. Rep. 302, 9 Ann. Cas. 225).

See, also, *Lazenby* v. *Wright,* 250 Mich. 203.

The owner may offset the cost of completing the work (*Yeomans* v. *Parker,* 105 Mich. 323), or recover damages for delay (*Smalley* v. *Gearing,* 121 Mich. 190).

The mechanics' lien law (3 Comp. Laws 1929, § 13113 [Stat. Ann. § 26.293]) expressly provides for a computation of the amount due the lien claimant under the circumstances of the case at bar:

"When the owner, part owner, or lessee, shall have failed to perform his part of the contract, and by reason thereof, the other party shall, without his default, have been prevented from completely performing his part, he shall be entitled to a reasonable compensation for as much thereof as he has performed, in proportion to the price stipulated for the whole, and the court shall adjust his claim accordingly."

The defendant, on petition for rehearing below and again in this court, urges that the court erred in determining the amount due plaintiff. Much testimony was taken as to the accounting, the value

of the work performed, and the losses and damages for nonperformance. While we might adopt a different reasoning in reaching a conclusion, we are not inclined to disturb the result. The circuit judge heard and saw the witnesses, and the finding is supported by the proofs.

Had plaintiff performed the work and furnished the material to fully complete his contract, the balance due him would have been $1,084.85, including profits, if any. As we have found, the actual balance due plaintiff for labor performed, material furnished, and loss of profits, amounted to $314.55 (including interest). Plaintiff filed a statement of lien for the full amount of his claim, $1,084.85. Plainly this was far in excess of the actual amount due plaintiff for labor performed and material furnished. Defendant claims that the lien is void because the statement was grossly and intentionally excessive and incorrect, and that it was not merely an honest mistake of fact. Each case involving this question must depend in a large degree upon the facts and circumstances shown. In this case, the lien was intentionally filed for the full contract balance, on the theory that defendant had breached the contract. The burden to establish good faith is on the claimant of the lien. The claim included charges not covered by the lien law, and we are satisfied it was not made in good faith. The lien is void. *Silverstein* v. *Berman*, 254 Mich. 478; *Equitable Trust Co.* v. *Detroit Golf & Recreation Co.*, 260 Mich. 606; *Currier Lumber Co.* v. *Ruoff*, 298 Mich. 505.

A decree may be taken affirming the accounting and declaring the lien void. No costs allowed.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.