## CURRIER LUMBER CO. *v.* RUOFF.

1. MECHANICS' LIENS—ERRONEOUS CLAIM OF LIEN.

Inclusion in claim of lien of an item which secretary of lumber company knew was not chargeable defeats lien claimed unless shown to have been a blameless error, free from ulterior purpose and inadvertently made, and the burden of establishing such was upon claimant of lien.

2. SAME—CLAIM OF LIEN—MISTAKE.

The secretary of plaintiff lumber company, claiming a lien upon defendant owners' premises for building material furnished, was bound to employ knowledge he had on subject of which items should be included in claim of lien, and it was no excuse for inclusion of an improper item that he failed to make record of the mistake when he should have done so and, therefore, forgot it when he should have had it in mind.

3. SAME—INTENTIONAL INCLUSION OF IMPROPER ITEM VOIDS ENTIRE LIEN.

The inclusion in a materialman's claim of lien in the amount of $2,691.52 of an item of $36.10 for material furnished same contractor on another job for the purpose of obtaining payment of an otherwise loss was not inadvert but was by

reason of the lien claimant's reckless disregard of duty toward the owners requiring discharge of entire lien notwithstanding false item represented only small percentage of total claim.

4. Same—Discharge of Lien Against Owners—Remedy at Law Against Contractors.

The discharge of a materialman's lien for building material because of the improper inclusion of a false item released defendant owners but did not release defendant contractor from his debt which must be enforced in an action at law.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 9, 1941. (Docket No. 32, Calendar No. 41,527.) Decided June 30, 1941.

Bill by Currier Lumber Company, a Michigan corporation, against Eugene Ruoff and others to foreclose a mechanic's lien. Decree for defendants. Plaintiff appeals. Affirmed.

*Fildew & DeGree,* for plaintiffs.

*Stanley Gelfund,* for defendants Ruoff.

Wiest, J. This is a bill in equity to foreclose a lien for building material furnished to a contractor in erecting a dwelling house for defendants Ruoff. Defendant Fred L. Steiner, a builder, contracted to erect a dwelling house for defendants Eugene and Dora Ruoff at an agreed price of $9,450. Mr. Steiner purchased from plaintiff lumber and building material used by him in constructing the house. Plaintiff filed a claim of lien for the material so furnished amounting to the sum of $2,691.52, inclusive of $36.10 for material furnished Mr. Steiner on a different job. Proofs were taken before a circuit court commissioner and, upon hearing thereon, the court adopted the following finding of the commissioner:

"I find, as a matter of fact, that certain materials were charged against the rough [Ruoff?] job by the Currier Lumber Company, knowing that the same was not the proper charge against Eugene Ruoff and Dora Ruoff, and that a claim in the amount of $36.10 was listed in the claim for lien filed by the Currier Lumber Company, and that the said agents of the Currier Lumber Company deliberately inserted this amount knowing that it was not a proper charge against Eugene Ruoff and Dora Ruoff but was personally chargeable to Fred L. Steiner for materials delivered at another job," and dismissed the bill. Plaintiff appeals.

Theodore G. Navarre, secretary of plaintiff lumber company, who made the affidavit in behalf of the claimed lien, on cross-examination testified that he was in complete charge of the books of the company, and the erroneous charge of $36.10 was brought to his knowledge and attention long before the claim of lien was filed.

We quote his testimony on this subject:

"*Q.* What did you do to correct that error?

"*A.* Haven't done anything to correct it; just left it there. The other job apparently had been paid and this invoice had been missed. Mr. Steiner owed the bill for basement materials in this particular job.

"*Q.* You say that Mr. Steiner did not owe you the bill for these 45 sacks of cement in connection with the Ruoff job?

"*A.* No, not in connection with that job.

"*Q.* He did owe it to you some place else?

"*A.* On this other job.

"*Q.* And you had it charged to the Ruoff account? Is that right?

"*A.* Yes.

"*Q.* And you discovered it about the middle of the progress of work on the Ruoff home?

"*A.* That is right.

"*Q.* And you did nothing to correct it?

"*A.* That is right.

"*Q.* And you filed a lien which includes that amount?

"*A.* That is right.

"*Q.* Although you knew that that did not belong to that particular job?

"*A.* Yes.

"*Q.* You personally signed the affidavit on that lien? You made the statement of lien?

"*A.* Yes."

The next day, on re-direct examination, he testified that at the time he filed the lien he did not knowingly include the $36.10 because the proper transfer on the books of the company had been neglected and the fact had slipped his mind but, in going through the invoices before the hearing, he rediscovered where the correction should have been made.

This explanation did not appeal to the commissioner who took the proofs and was rejected by the court upon review of the evidence.

Inclusion of the item by Mr. Navarre, in claiming the lien, which he knew was not chargeable, defeats the lien claimed, unless shown to have been a blameless error, free from ulterior purpose and inadvertently made, and the burden of establishing such, beyond suspicion, was upon plaintiff. The showing made leaves a strong suspicion that the item was included for the purpose of obtaining payment of an otherwise loss. When the attention of Mr. Navarre was directed to the mistake in charging the item to the contractor on the Ruoff job, no change was made, and the explanation stamps the failure with more than mere omission.

Mr. Navarre also testified the charge was left standing against the contractor on the Ruoff job who

was personally liable for the material, though furnished him on another job.

Mr. Navarre evidently left the charge so standing in the hope of receiving payment in adjustment with the contractor under the Ruoff job. When the claim of lien was filed, another factor entered, involving the right of the Ruoffs not to have their premises charged with the false item. Mr. Navarre was bound to employ the knowledge he had on that subject, and it was no excuse that he failed to make record of the mistake when he should have done so and, therefore, forgot it when he should have had it in mind. This is not an instance of excusable misstatement of the amount due for material furnished but of inclusion of a charge for material known not to have been furnished. Under Mr. Navarre's own testimony, the inclusion of the item was not inadvertent but by reason of his reckless disregard of duty toward the rights of the Ruoffs in failing to make the proper charge on the books where it would prevent subsequent false use by him.

The instance at bar falls within the holding of this court in *Gibbs* v. *Hanchette,* 90 Mich. 657, where it was said:

"Lienors, with knowledge of the status of the account, or with information thereof at their disposal, cannot be excused for a failure to file this truthful statement, so wisely and clearly required by the statute. To hold otherwise would result in offering a premium for thoughtlessness and carelessness, and in establishing liens contrary to the provisions of the law."

The smallness of the false item does not affect the law on the subject.

Discharge of the lien releases the defendants Ruoff but does not release defendant Steiner from

his just obligation which, however, must be sought in an action at law.

The decree in the circuit court is affirmed, with costs to defendants Ruoff.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, and Butzel, JJ., concurred. McAllister, J., took no part in this decision.