## VUGTERVEEN SYSTEMS, INC v OLDE MILLPOND CORPORATION

Docket No. 154137. Submitted August 1, 1994, at Grand Rapids. Decided April 21, 1995, at 9:30 A.M. Leave to appeal sought.

Vugterveen Systems, Inc., brought an action in the Kent Circuit Court against Olde Millpond Corporation, Erb Lumber Company, and United Bank of Michigan, N.A., seeking foreclosure on a construction lien. Vugterveen had installed drywall in the construction of two buildings, each having two condominium units, owned by Olde Millpond and had recorded the lien after not receiving payment for work performed in the second building. Erb Lumber, which had recorded a lien for furnishing lumber in the construction of both buildings, counterclaimed and cross-claimed for foreclosure on its lien. Following a bench trial, the court, Robert A. Benson, J., determined the amounts of Vugterveen's and Erb Lumber's liens by prorating the amounts due under their contracts with the general contractor so that each lien would not exceed the contract price minus payments made and so that the sum of the liens, amounts already paid, and the cost of finishing the project would not exceed the project cost agreed to by Olde Millpond and the general contractor. The court also awarded attorney fees to Vugterveen and Erb Lumber. Olde Millpond appealed, and Erb Lumber cross appealed.

The Court of Appeals *held:*

1. The trial court, in proceeding to trial rather than conducting proceedings on Olde Millpond's motion for summary disposition, did not make a ruling on the motion. The Court of Appeals cannot review Olde Millpond's claim on appeal concerning the motion because no ruling was made on that motion. The trial court did not abuse its discretion in proceeding to trial inasmuch as trial was the most efficient method to resolve the issues.

2. Vugterveen's untimely notice of furnishing did not serve to defeat its right to a lien because Olde Millpond conceded that

REFERENCES

Am Jur 2d, Mechanics' Liens §§ 234, 235, 397, 432, 433.
See ALR Index under Mechanics' Liens.

Vugterveen was not paid and Vugterveen substantially complied with the construction lien statute.

3. The liens of Vugterveen and Erb Lumber were not rendered unenforceable on the basis of their excessiveness. A lien is not lost because the amount claimed is excessive where, as in this case, the claim was made in good faith.

4. Vugterveen and Erb Lumber proved by a preponderance of the evidence and to a reasonable certainty the amounts claimed to be owing. The record supported Vugterveen's claims, and the trial court did not err in determining the correct amount of Erb Lumber's lien.

5. The trial court did not err in attaching Erb Lumber's lien to the entire project rather than to the condominium units individually. Even though MCL 570.1126(1)(a); MSA 26.316(126) (1)(a) provides that a construction lien for improvements furnished to a condominium unit shall attach only to the unit, Erb Lumber's lien is not rendered unenforceable because it substantially complied with the construction lien statute and it is undisputed that Erb Lumber furnished materials for all units.

6. The liens of Vugterveen and Erb Lumber do not violate MCL 570.1107(1); MSA 26.316(107)(1), which provides that a construction lien shall not exceed the amount of the lien claimant's contract less payments made on the contract. Vugterveen's claim did not exceed the contract, and there was no contract with respect to Erb Lumber, only an estimate.

7. The trial court erred in implementing a pro rata scheme of reimbursing Vugterveen and Erb Lumber under their construction lien claims. MCL 570.1107(6); MSA 26.316(107)(6), which provides in part that the sum of all construction liens on an improvement shall not exceed the amount that the owner agreed to pay as modified by additions, protects a property owner from excessive liens but not from cost overruns such as those that occurred in this case. Also, nothing in the statute indicates that the cost of completing a project must be considered in determining the size or viability of construction liens. On remand, the trial court must enter an order awarding Vugterveen and Erb Lumber the full, unprorated amounts of their liens.

8. The trial court did not abuse its discretion in awarding attorney fees to Vugterveen and Erb Lumber. MCL 570.1118(2); MSA 26.316(118)(2) permits an award of attorney fees to the prevailing party.

Affirmed but remanded.

1. MECHANICS' LIENS — CONSTRUCTION LIENS — GOOD-FAITH MISTAKES.

A construction lien is not lost because the amount claimed is

excessive except where the excessive claim is made in bad faith; where an excessive claim is due to a good-faith mistake, the appropriate remedy is to reduce the amount of the lien to the correct amount.

2. MECHANICS' LIENS — CONSTRUCTION LIENS — EVIDENCE — BURDEN OF PROOF.

A party seeking to enforce a construction lien must prove by a preponderance of the evidence and to a reasonable certainty the amount claimed to be owing.

3. MECHANICS' LIENS — CONSTRUCTION LIENS — EXCESSIVE LIENS.

The provision of the Construction Lien Act stating that the sum of the construction liens for an improvement shall not exceed the amount that the owner agreed to pay does not protect the owner from cost overruns (MCL 570.1107[6]; MSA 26.316[107] [6]).

4. MECHANICS' LIENS — CONSTRUCTION LIENS — FORECLOSURES — ATTORNEY FEES.

An award of attorney fees to the party prevailing in an action for foreclosure on a construction lien is permitted by the Construction Lien Act and is reviewed on appeal for an abuse of discretion (MCL 570.1118[2]; MSA 26.316[118][2]).

*Rhoades, McKee, Boer, Goodrich & Titta* (by *Mary L. Williams*), for Vugterveen Systems, Inc.

*Randall L. Velzen,* for Olde Millpond Corporation.

*Tolley, Fisher & Verwys, P.C.* (by *Michael C. Walton* and *Philip G. Henderson*), for Erb Lumber Company.

Before: HOOD, P.J., and MARILYN KELLY and J. L. MARTLEW,* JJ.

MARILYN KELLY, J. Defendant, Olde Millpond Corporation, appeals as of right from a circuit court judgment attaching liens in favor of plaintiff, Vugterveen Systems, Inc., and cross-plaintiff, Erb

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Lumber Company. We affirm but instruct the court to modify the amount of the liens.

I

Olde Millpond Corporation was the developer of a condominium project. Charles Hornbach, president of Olde Millpond, initiated the project in 1986. In 1988, he contracted with VanderWall Construction, Inc., to act as general contractor. Subsequently, VanderWall subcontracted with Vugterveen to do the drywall work in the project. Vugterveen installed drywall in two of the buildings, each containing two residential units. Erb provided the lumber for the project.

Vugterveen worked on the two buildings under separate agreements. The contract price for the first building was $11,600, which Olde Millpond paid in full. Vugterveen signed a waiver of lien for that building. It agreed to drywall the two units in the second building for $9,750 but stopped work for lack of payment before completing them. Vugterveen recorded a construction lien in the amount of $7,800 for the unpaid work it had done.

Erb furnished lumber for both buildings pursuant to a builder sales agreement with VanderWall. After requesting a copy of Olde Millpond's notice of commencement from VanderWall on May 31, 1988, Erb filled out a notice of furnishing lumber. It stated that the material was being furnished to VanderWall for the "construction of 4338/4333 Olde Millpond Drive in connection with the improvement of the real property described by the Notice of Commencement a copy of which is attached." Erb sent a copy of the notice of furnishing to VanderWall and to Hornbach. The balance due on the account was $20,239.07.

Hornbach removed VanderWall from the job on

October 27, 1988. On December 30, 1988, Erb filed a claim of lien for $20,239.07 "plus accruing finance charges as of November 30, 1988."

On December 5, 1989, Vugterveen filed a complaint for foreclosure of its construction lien against Olde Millpond. On December 18, 1989, Erb filed a counterclaim and cross-claim also seeking to have its construction lien foreclosed.

The case was heard in a three-day bench trial in September 1991. In an oral opinion issued March 9, 1992, the court ruled that Erb was entitled to a lien against both buildings in the amount of $7,300.84 plus interest, costs· and attorney fees. Vugterveen was entitled to a lien for the balance due on the work it had completed and for attorney fees. Each sum represents a prorated share of the original construction lien amount, in accord with the trial judge's decision to adopt the formula for proration set forth in *Smalley v Gearing,* 121 Mich 190; 79 NW 1114 (1899).

Olde Millpond raises ten issues on appeal. Cross-appellant, Erb, raises three.

II

Olde Millpond asserts that the trial court erred in denying its motion for summary disposition. When the motion was heard, the judge suggested that, since the trial date was in two weeks and the issues complex, the case would be resolved faster if tried. The parties agreed. Therefore, the judge did not directly deny the motion.

It is unnecessary for this Court to review an issue on which no ruling was made. *Richmond Twp v Erbes,* 195 Mich App 210, 219; 489 NW2d 504 (1992). However, were we to review it, we would find no abuse of discretion. As· the judge

observed, the issues in the case were complex and the trial was at hand. Trial presented the most efficient method to resolve the issues.

### III

Olde Millpond asserts that the notices of furnishing by Erb and Vugterveen were improper under the Construction Lien Act. MCL 570.1101 *et seq.*; MSA 26.316(101) *et seq.* The interpretation or construction of a statute is a question of law. *Smeets v Genesee Co Clerk,* 193 Mich App 628, 633; 484 NW2d 770 (1992). We review questions of law de novo. *In re Lafayette Towers,* 200 Mich App 269, 272; 503 NW2d 740 (1993).

The Construction Lien Act requires a supplier to provide a notice of furnishing to the designee named in the notice of commencement within twenty days after furnishing the first material. MCL 570.1109(1); MSA 26.316(109)(1). However, failure to provide a notice of furnishing within the time specified does not

> defeat the lien claimant's right to a construction lien for work performed or materials furnished by the lien claimant before the service of the notice of furnishing except to the extent that payments were made by or on behalf of the owner or lessee to the contractor pursuant to either a contractor's sworn statement or a waiver of lien in accordance with this act for work performed or material delivered by the lien claimant. [MCL 570.1109(6); MSA 26.316(109)(6).]

Vugterveen's notice of furnishing was late, but Olde Millpond conceded that Vugterveen was not paid. Vugterveen substantially complied with the statute. Its lien claim is not defeated by the untimeliness of its notice of furnishing.

IV

Olde Millpond also contends that the claims of lien filed by Erb and Vugterveen were unenforceable because excessive in amount. However, it has been established that a lien is not lost because the amount claimed is excessive, unless the claim was made in bad faith. In such instances, the proper remedy is to reduce the amount of the lien to the correct amount. *Tempo, Inc v Rapid Electric Sales & Service, Inc,* 132 Mich App 93, 104; 347 NW2d 728 (1984). Erb's error here appears to have been made in good faith. See *Currier Lumber Co v Ruoff,* 298 Mich 505; 299 NW 163 (1941). The trial court reduced the amount of Erb's lien, correcting the error. Moreover, Olde Millpond received the intended benefit of a $5,000 payment made to Erb. It was not entitled to credit for another $5,000 payment which Erb misdirected. Finally, Vugterveen's lien claim was supported by the evidence.

V

Olde Millpond also asserts that Erb and Vugterveen failed to prove the amount of their lien claims.

A lien claimant is required to prove by a preponderance of the evidence the amount claimed to be owing to a reasonable certainty. *R & T Sheet Metal, Inc v Hospitality Motor Inns, Inc,* 139 Mich App 249, 255; 361 NW2d 785 (1984). The record testimony supports Vugterveen's claim. Moreover, the trial court determined the correct amount of Erb's lien. Since the court's finding on the amount of Erb's lien was not clearly erroneous, we will not set it aside. *Id.,* p 255.

VI

Olde Millpond contends that the trial court

erred in attaching Erb's construction lien to all the residential condominium units rather than to the specific units for which materials were furnished.

In support of its position, it points to that section of the Construction Lien Act which limits the extent of the lien when a condominium is involved. It states:

> Except as otherwise provided in this section, a construction lien for an improvement furnished to a condominium unit or to a limited common element shall attach only to the condominium unit to which the improvement was furnished. [MCL 570.1126(1)(a); MSA 26.316(126)(1)(a).]

Erb responds by relying on MCL 570.1107(2); MSA 26.316(107)(2), which provides that a construction lien "shall attach to the entire interest of the owner or lessee who contracted for the improvement . . . ." It argues that the clause permits its lien to attach to the entire project. It asserts, also, that it complied with the requirements of MCL 570.1107(1); MSA 26.316(107)(1), which provides:

> Each contractor, subcontractor, supplier, or laborer who provides an improvement to real property shall have a construction lien upon the interest of the owner or lessee who contracted for the improvement to the real property, as described in the notice of commencement . . . .

The statutory section governing the notice of commencement requires the following language to appear in the notice of commencement:

> To lien claimants and subsequent purchasers:
> Take notice that work is about to commence on

an improvement to the real property described in this instrument. A person having a construction lien may preserve the lien by providing a notice of furnishing to the above named designee and the general contractor, if any, and by timely recording a claim of lien, in accordance with law.

A person having a construction lien arising by virtue of work performed on this improvement should refer to the name of the owner or lessee and the legal description appearing in this notice. . . . [MCL 570.1108(2)(f); MSA 26.316(108)(2)(f).]

Erb asserts that it relied on Olde Millpond's notice of commencement to prepare its notice of furnishing. Olde Millpond identified the entire project in its notice of commencement, under the statutes cited above. Therefore, Erb argues, it should not be penalized for naming the entire project.

MCL 570.1302(1); MSA 26.316(302)(1) permits substantial compliance with the provisions of the Construction Lien Act in order for a construction lien to be validly enforceable. See *Norcross Co v Turner-Fisher Associates,* 165 Mich App 170, 177-178; 418 NW2d 418 (1987). Under the circumstances, we find that Erb substantially complied with the provisions of the Construction Lien Act.

Even if our finding were to the contrary, it is undisputed that Erb furnished materials for both units in both buildings. The trial judge correctly decided that Erb's lien should attach to the four units for which it supplied materials. MCL 570.1126(1)(a); MSA 26.316(126)(1)(a).

Vugterveen worked on both units in the second building. It was paid nothing for the work it did in the second building. Vugterveen's lien properly attached to the entire building.

VII

Olde Millpond next claims that the trial court

erred in setting the amount of Vugterveen's and Erb's liens. Defendant asserts that each lien cannot exceed the original contract amount minus payments made, as provided in MCL 570.1107(1); MSA 26.316(107)(1), which states:

> A construction lien acquired pursuant to this act shall not exceed the amount of the lien claimant's contract less payments made on the contract.

We agree with Olde Millpond's assertion that MCL 570.1107(1); MSA 26.316(107)(1) limits the amount of a lien when a contract price has been set. However, defendant cannot prevail on its claims that the liens here were excessive. Testimony regarding Vugterveen's contract amount was clear and uncontradicted. The court determined that the amount of the lien was the amount owing under the contract.

As to Erb, based on testimony at trial, there was no cap on the amount of materials VanderWall could purchase for the Olde Millpond project. Notwithstanding defendant's assertions to the contrary, the dollar amount identified in the contract was merely an estimate related to the base figure for each unit. It did not include the cost of changes or additional buyer options. Because there was no set contract price, defendant cannot rely on MCL 570.1107(1); MSA 26.316(107)(1). The amount of the lien correctly reflects the cost of the materials Erb supplied.

VIII

Defendant contends that Vugterveen's and Erb's liens, added to the amount already paid them and the cost of finishing the work, exceeded the amount the owner originally agreed to pay.

At trial, Olde Millpond argued that, under MCL 570.1107(6); MSA 26.316(107)(6), it was not required to satisfy liens which cause the total cost of the completed buildings to exceed the original contract price. It is undisputed that, when the liens are added to the cost of completion, the total far exceeds the original contract price.

The trial judge reasoned that to adopt defendant's position would defeat construction liens generally and run contrary to the purpose of the construction lien statute. However, he adopted a pro rata method for computing the amount owed to each subcontractor, based upon that used in *Smalley v Gearing, supra.*[1]

We disagree with defendant's contention that MCL 570.1107(6); MSA 26.316(107)(6) protects it, in all circumstances, from paying more than the original contract price. Furthermore, we conclude that the trial judge erred in implementing a pro rata scheme for reimbursing the subcontractors under their construction lien claims.

As Olde Millpond contends that MCL 570.1107(6); MSA 26.316(107)(6) limits its responsibility to satisfy the construction liens, we consider its meaning.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 212; 501 NW2d 76 (1993). The Legislature is presumed to have intended the meaning it plainly expressed. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1990). If the plain and ordinary meaning of language is clear, judicial construction is

---

[1] It should be noted that *Smalley* interpreted the mechanic's lien statute, which has since been repealed. While similar in certain respects, the mechanic's lien statute and the modern construction lien statute are by no means identical.

normally neither necessary nor permitted. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992).

MCL 570.1107(6); MSA 26.316(107)(6) provides:

> If the real property of an owner or lessee is subject to construction liens, the sum of the construction liens shall not exceed the amount which the owner or lessee agreed to pay the person with whom he or she contracted for the improvement as modified by any and all additions, deletions, and any other amendments, less payments made by or on behalf of the owner or lessee, pursuant to either a contractor's sworn statement or a waiver of lien, in accordance with this act.

We find that judicial construction is not required, because the language of the statute is clear. We agree that it protects the owner or lessee from excessive liens. However, it does not protect the owner or lessee from cost overruns, such as those which occurred here.

Rather, the statute requires that "the sum of the construction liens shall not exceed the amount the owner or lessee agreed to pay the person with whom he or she contracted." Nothing in the statute indicates that the cost of completing the project must be considered in determining the size or viability of construction liens. The statute simply requires that, when all the construction liens are added together, they may not exceed the original contract price set for the construction plus changes and additions.

Completion of a project may require other costs incurred pursuant to other contracts. These need not be considered to establish the owner's duty to satisfy the original liens. Thus, the trial court erred in determining that, because of the construc-

tion lien statute, each lien holder was required to accept a pro rata portion of its lien.

In reaching this conclusion, we do not overrule *Smalley.* We do not adopt its reasoning, because the facts of this case are distinguishable and the applicable statutes are different. Based on our analysis, we conclude that Vugterveen and Erb were entitled to a lien in the amounts determined by the trial court before it applied the proration formula.

IX

Olde Millpond also asserts that the trial court erred in awarding attorney fees and in failing to make a determination on the reasonableness of the fees.

An award of attorney fees in a construction lien case is reviewed for an abuse of discretion. *Superior Products Co v Merucci Bros, Inc,* 107 Mich App 153, 159; 309 NW2d 188 (1981). Here, the judge awarded attorney fees pursuant to MCL 570.1118(2); MSA 26.316(118)(2). This section of the construction lien act permits an award of attorney fees to the prevailing party.

Both Erb and Vugterveen prevailed in the trial court, notwithstanding that the trial judge awarded each only a pro rata portion of its lien. The court found, contrary to defendant's allegations, that the attorney fees it awarded were reasonable. We find no abuse of discretion.

X

Defendant's claim that the trial court abused its discretion in refusing to let the owner testify regarding the necessity and reasonableness of the drywall repairs is deemed abandoned on appeal.

Defendant cites no authority in support of its position. *Goolsby v Detroit,* 419 Mich 651, 655, n 1; 358 NW2d 856 (1984). Defendant also concedes that the issue it raised concerning an appeal bond is moot.

Because we resolve Olde Millpond's issues raised on appeal in favor of Vugterveen and Erb, we do not reach the issues raised in Erb's cross-appeal.

We affirm the trial judge's award of construction liens to Vugterveen and Erb. However, we conclude that they are not to be prorated. We instruct the trial court on remand to enter an order awarding Vugterveen and Erb the full amount of the liens as established at trial before the application of the proration formula.