WELCH FOODS, INCORPORATED v ATTORNEY GENERAL

Docket No. 164659. Submitted August 2, 1995, at Lansing. Decided September 15, 1995, at 9:35 A.M. Leave to appeal sought.

Welch Foods, Incorporated, and S. Martinelli & Company brought an action in the Ingham Circuit Court against the Attorney General, seeking a declaration that carbonated and undiluted fruit juices they sell in bottles are not subject to the bottle deposit requirement of MCL 445.571 *et seq.*; MSA 18.1206(11) *et seq.* and seeking injunctive relief against any enforcement of the statute by the defendant against the plaintiffs. The court, Lawrence M. Glazer, J., granted summary disposition for the defendant and dismissed the complaint. The plaintiffs appealed.

The Court of Appeals *held:*

MCL 445.572(1); MSA 18.1206(12)(1) defines "beverage" in part as a soft drink, soda water, carbonated natural or mineral water, or other nonalcoholic carbonated drink. The plaintiffs' carbonated and undiluted fruit juices, as nonalcoholic carbonated drinks, are subject to the bottle deposit requirement of MCL 445.571 *et seq.*; MSA 18.1206(11) *et seq.* The plaintiffs' arguments that the beverage industry, the Michigan Department of Agriculture, and the Food and Drug Administration use the term "drink" to refer exclusively to diluted fruit juices, that all the items that precede nonalcoholic drinks in the statutory definition of "beverage" are water-based or diluted products, suggesting that the statutory definition of "beverage" does not encompass the plaintiffs' carbonated and undiluted fruit juices, and that the ballot initiative that led to the enactment of MCL 445.571 *et seq.*; MSA 18.1206(11) *et seq.* was not intended to apply to the plaintiffs' carbonated fruit juices are not persuasive.

Affirmed.

STATUTES — BOTTLE LAW — CARBONATED FRUIT JUICES.

Undiluted fruit juices that are carbonated and sold in bottles fall

REFERENCES

Am Jur 2d, Pollution Control § 245; Sales § 83.

Validity and construction of statute or ordinance requiring return deposits on soft drink or similar containers. 73 ALR3d 1105.

within the definition of "beverage" under the statute that requires that beverages be sold in returnable containers with a deposit (MCL 445.571 *et seq.*; MSA 18.1206(11) *et seq.*).

*Burditt & Radzius, Chtd.* (by *George M. Burditt* and *Steven M. Kowal*), and *Miller, Canfield, Paddock & Stone* (by *Michael J. Hodge* and *James R. Lancaster, Jr.*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Frederick H. Hoffecker,* Assistant Attorney General, for the defendant.

Before: HOEKSTRA, P.J., and HOOD and D. M. CURTIS,* JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's grant of summary disposition for the defendant and dismissal of plaintiffs' complaint for declaratory and injunctive relief. Plaintiff had claimed that the sparkling fruit juices they produce are not subject to Michigan's bottle law, MCL 445.571 *et seq.*; MSA 18.1206(11) *et seq.* We affirm.

Plaintiffs produce and sell fruit juices and sparkling fruit juices. The sparkling fruit juices are undiluted fruit juices that have been subjected to carbonation. Both plaintiffs bottle some of their sparkling fruit juices in 750-milliliter bottles, which are approximately the same size and shape as wine and champagne bottles. The labeling of these bottles is similar in appearance to that of champagne bottles. Martinelli also produces twelve-, ten-, and eight-ounce bottles, which are sold singly and in four-packs.

In October 1991, defendant issued a notice of intended action against plaintiffs, which informed

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

them that he would commence an enforcement action against them if their sparkling fruit juice products did not conform to the bottle law. Plaintiffs requested a declaratory ruling from the Attorney General pursuant to 1979 AC, R 14.57. Plaintiffs sought a ruling that the bottle law did not apply to their sparkling fruit juice products. The Attorney General declined to issue the requested declaratory ruling. Plaintiffs responded by filing this action.

The construction of a statute is a question of law, which we review de novo. *Vugterveen Systems, Inc v Olde Millpond Corp,* 210 Mich App 34, 39; 533 NW2d 320 (1995). A fundamental rule of statutory construction is that we must ascertain and give effect to the Legislature's intent. *Erb Lumber Co v Homeowner Construction Lien Recovery Fund,* 206 Mich App 716, 719; 522 NW2d 917 (1994). The first consideration in determining intent is the specific language of the statute. *Id.; House Speaker v State Administrative Bd,* 441 Mich 547, 567; 495 NW2d 539 (1993). The bottle law was proposed by initiative pursuant to Const 1963, art 2, § 9. Initiative provisions are liberally construed to effectuate their purposes and facilitate rather than hamper the exercise of reserved rights by the people. *People v Cohens,* 111 Mich App 788, 795; 314 NW2d 756 (1981), citing *Newsome v Bd of State Canvassers,* 69 Mich App 725, 729; 245 NW2d 374 (1976). The words of an initiative law are given their ordinary and customary meaning as would have been understood by the voters. *Id.* While we presume the Legislature intended the meaning plainly expressed in a statute, judicial construction is permitted if the language is unclear and susceptible to more than one interpretation. *Cowen v Dep't of Treasury,* 204 Mich App 428, 431; 516 NW2d 511 (1994). If the statu-

tory language is ambiguous, or reasonable minds may differ in its interpretation, a reasonable construction must be given in light of the purpose of the statute. *Witherspoon v Guilford,* 203 Mich App 240, 247; 511 NW2d 720 (1994).

Michigan's bottle law prohibits the sale of beverages in nonreturnable containers. MCL 445.572(1); MSA 18.1206(12)(1). "Beverage" is defined by the statute as

> a soft drink, soda water, carbonated natural or mineral water, or other nonalcoholic carbonated drink; beer, ale, or other malt drink of whatever alcoholic content; or a mixed wine drink or a mixed spirit drink. [MCL 445.571(a); MSA 18.1206(11)(a).]

Where a statute defines a term, that definition supersedes a commonly accepted or dictionary definition, and it is binding on the courts. *Titanus Cement Wall Co, Inc v Watson,* 158 Mich App 210, 217; 405 NW2d 132 (1987).

Defendant argues that plaintiffs' products fall within those beverages that are "other nonalcoholic carbonated drink[s]." Plaintiffs assert, however, that their products are "fruit juices," which are not "drinks," and thus do not fall within the statutory definition of "beverages." The language of the statute is clear and unambiguous. We agree that plaintiffs' products are beverages for purposes of the bottle law because they are nonalcoholic carbonated drinks.

First, plaintiffs argue that the term "drink" does not include undiluted fruit juices, such as their products. In support of this position, plaintiffs refer to definitions as used by the Michigan Department of Agriculture and the United States Food and Drug Administration. Where a word is

not defined within a statute, it should be given its plain and ordinary meaning, and a court may consult dictionary definitions. MCL 8.3a; MSA 2.212(1); *Markillie v Livingston Co Bd of Rd Comm'rs,* 210 Mich App 16, 21; 532 NW2d 878 (1995). We decline to define "drink" according to the technical definitions of the Department of Agriculture and the Food and Drug Administration. Instead, we construe the term according to its commonly understood meaning.

"Drink" is defined as a "liquid suitable for swallowing." *Webster's New Collegiate Dictionary* (1973). Plaintiffs argue that undiluted fruit juices are differentiated from diluted fruit juices. According to plaintiffs, the former is considered by consumers to be "juices" and the latter as "drinks." We cannot accept plaintiffs' assertion that undiluted fruit juices are not commonly understood to be drinks.

We note that the Department of Agriculture and the Food and Drug Administration definitions, which plaintiffs press us to accept, are of the terms "fruit juice-drink," "fruit drink" and "fruit flavored drink." These definitions are more specific than merely "drink." Plaintiffs have provided affidavits of individuals who work in their industry that indicate that within the fruit juice/fruit drink industry, undiluted products are known as fruit juices, while diluted products are fruit beverages or drinks. They assert that the term "drink" is not applied to undiluted fruit juices, and therefore should not be included in the group of "nonalcoholic carbonated drinks" that fall within the coverage of the bottle law. While we recognize that these distinctions may be made within the industry, we are not persuaded that for purposes of the bottle law, which was enacted by voter initiative,

the term "drink" carries with it the distinction urged by plaintiffs.

Plaintiffs argue that application of the rule of ejusdem generis should instruct that their carbonated fruit juices are not encompassed within the bottle law. Under this rule, where a statute contains general words following a designation of particular subjects, the meaning of the general words is presumed to be restricted by the particular designation as including things of a similar kind, class, character, or nature as those specifically enumerated. *Richmond Twp v Erbes,* 195 Mich App 210, 223; 489 NW2d 504 (1992). According to plaintiffs, the items specified in the definition of "beverage," which precede "other nonalcoholic carbonated drink," are all water-based or diluted products. Plaintiffs argue that undiluted fruit juices, which are neither water-based nor diluted, should not be included within the more general term. We disagree. The similar trait of the specific items listed is clearly that they are carbonated, not that they are water-based or diluted. Plaintiffs counter this conclusion by referring to a definition of "soft drink" that provides that such a beverage need not be carbonated. As commonly understood, "soft drinks" are carbonated beverages. "Soft drink" is defined as "soda pop," which in turn is defined as a beverage containing "soda water." *Webster's New Collegiate Dictionary* (1973). We conclude that, under the doctrine of ejusdem generis, plaintiffs' products should be included within the coverage of the bottle law.

Plaintiffs next argue that the bottle law, as proposed on the ballot, was not intended to cover their products. The parties do not dispute that the purpose of the statute is litter reduction, especially soft drink containers. We note that the ballot

proposal provided that the proposed law pertained
to soft drinks and beer. As discussed above, we find
that plaintiffs' products fall within the bottle law
even though not specifically termed "soft drinks."
Moreover plaintiffs have failed to persuade us that
their products, which are bottled in champagne-
type bottles and are primarily consumed at home
during the holiday season as substitutes for alco-
holic beverages, do not contribute to the litter
problem because they are not improperly dis-
carded. While it may be true that the contents of
the 750-milliliter bottles is consumed at home and
the bottles likely are discarded properly, thus not
contributing to the litter problem, this explanation
does not account for Martinelli's sparkling fruit
juices that are sold in smaller bottles and in four-
packs. These bottles are more akin to soft drink
bottles. Although not sold in vending machines,
there is no reason to expect that these bottles
would not be discarded in the same manner as soft
drink bottles. In fact, without a deposit it is more
likely that these bottles will be discarded improp-
erly.

Affirmed.