PEOPLE v GREEN

Docket No. 308133. Submitted November, 7, 2012, at Lansing. Decided
January 29, 2013. Reversed, 494 Mich 865.

Tony Allen Green was charged in the 56B District Court, Michael L.
Schipper, J., with the delivery of marijuana, MCL 333.7401(2)(d)(*iii*),
after he gave the controlled substance to Al Thornton. In accordance
with the Michigan Medical Marihuana Act (MMMA), MCL 333.26421
*et seq.*, defendant possessed a patient registry card for the use of
marijuana for medical purposes and Thornton had the equivalent of
a registry identification card because he had applied for it more than
20 days before the transfer of the marijuana, MCL 333.26429(b).
Thornton did not pay money for the marijuana that defendant gave
him and the amount transferred was below the amount that a
registered qualifying patient is permitted to possess under MCL
333.7404(a). Defendant moved to quash the bind over, arguing that
the transfer of marijuana between two patients was protected medi-
cal use under the MMMA. The court declined to consider defendant's
argument and bound him over on the charged offense. Defendant
then moved in the Barry Circuit Court to dismiss the charge, arguing
that he was immune from prosecution, MCL 333.26424(a), because
under MCL 333.26423(e), the phrase medical use included deliveries
and transfers of marijuana to another registered qualified patient.
*The circuit court, Amy L. McDowell, J., agreed with defendant's*
argument and dismissed the charge, concluding that for purposes of
immunity under the MMMA, transfers were not limited to the
patient-caregiver relationship that was authorized under MCL
333.26424(b). The prosecution appealed.

The Court of Appeals *held*:

1. The medical use of marijuana is permitted to the extent that
it is carried out in accordance with the MMMA. Section 4(a)
provides that a defendant is immune from arrest, prosecution, or
penalty if the defendant is a qualifying patient, who had been
issued and possesses a registry identification card, and possesses
less than 2.5 ounces of useable marijuana. It is not disputed that
defendant was a qualifying patient who was issued and possessed
a registry identification card, that the amount of marijuana

involved was less than 2.5 ounces of marijuana, and that defendant received no compensation for the transfer.

2. The phrase "medical use" is defined in MCL 333.26423(e) to mean the acquisition, possession, cultivation, manufacture, use, internal possession, delivery, transfer, or transportation of marijuana, or paraphernalia relating to the administration of marijuana to treat or alleviate a registered qualifying patient's debilitating medical condition or symptoms associated with the debilitating medical condition. The circuit court properly dismissed the delivery of marijuana charge against defendant. Under the express terns of MCL 333.26423(e), the transfer and delivery of marijuana between registered patients specifically constitute "medical use" that is protected by § 4(a) of the MMMA. While this court recognized in *Michigan v McQueen*, 293 Mich App 644, 668 (2011), that the patient-to-patient sale of marijuana was not protected by the immunity granted by the MMMA because the term "sale" was not included in the statutory definition of "medical use," the transfer or delivery of marijuana without compensation is expressly included in that statutory definition, MCL 333.26423(e). The Court of Appeals declined to read a restriction limiting transfers to a patient-caregiver relationship into the statute.

Affirmed.

CONTROLLED SUBSTANCES — MARIJUANA — MICHIGAN MEDICAL MARIHUANA ACT — IMMUNITY FROM ARREST, PROSECUTION, OR PENALTY — WORDS AND PHRASES — MEDICAL USE — TRANSFER OR DELIVERY OF MARIJUANA.

The phrase "medical use" as defined in the Michigan Medical Marihuana Act (MMMA) means the acquisition, possession, cultivation, manufacture, use, internal possession, delivery, transfer, or transportation of marijuana, or paraphernalia relating to the administration of marijuana to treat or alleviate a registered qualifying patient's debilitating medical condition or symptoms associated with the debilitating medical condition; the transfer or delivery of marijuana between qualified registered patients, without compensation, constitutes "medical use" for purposes of determining immunity from arrest, prosecution, or penalty for such transfer or delivery under § 4(a) of the MMMA (MCL 333.26423[e]; MCL 333.26424[a]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Jennifer Clark*, Assistant Attorney General, for the people.

*Newburg Law, PLLC* (by *Matthew R. Newburg* and *Eric W. Misterovich*) for defendant.

Before: CAVANAGH, P.J., and HOEKSTRA and SHAPIRO, JJ.

PER CURIAM. In this medical marijuana case, the prosecution appeals as of right the circuit court's order finding defendant, Tony Allen Green, a registered medical marijuana patient, immune from prosecution under MCL 333.26424(a) of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, for his transfer of marijuana to another registered medical marijuana patient.[1] Because we conclude that the uncompensated transfer of marijuana between patients constitutes the medical use of marijuana as permitted by the MMMA, we affirm.

The facts in this case are undisputed. On September 7, 2011, defendant gave Al Thornton marijuana. The transfer of marijuana occurred in Nashville, Michigan. On the date of the transfer, defendant possessed a patient registry card, and Thornton had submitted a valid application for a registry identification card more than 20 days before the transfer; thus, under MCL 333.26429(b), his application was the equivalent of a registry identification card. The amount of marijuana transferred was less than the 2.5 ounces that a registered qualifying patient is permitted to possess under § 4(a) of the MMMA. Authorities did not arrest Thornton in connection with his receipt of marijuana from defendant; however, defendant was arrested after authorities learned that he gave Thornton marijuana.

---

[1] Although the statutory provisions at issue refer to "marihuana," by convention this Court uses the more common spelling "marijuana" in its opinions.

At his preliminary examination in district court, defendant argued that bindover was not appropriate because a transfer of marijuana between two patients constituted protected medical use under the MMMA. The district court declined to consider defendant's argument and bound him over to the circuit court on the charge of delivery of marijuana in contravention of MCL 333.7401(2)(d)(*iii*). On November 28, 2011, defendant moved the circuit court to dismiss the charges on the basis of § 4(a) of the MMMA. Defendant argued that, because under MCL 333.26423(3)(e) "medical use" includes "delivery" and "transfer," he was immune from prosecution under § 4(a). The prosecution opposed defendant's motion and argued that delivery of marijuana was only authorized under § 4(b), the provision governing primary caregivers, and was thus not applicable to defendant because defendant was not Thornton's primary caregiver.

Following the parties' arguments, the circuit court concluded that the plain language of § 4(a) entitled defendant to a presumption of medical use, a presumption which the prosecution failed to rebut. The circuit court noted that the statutory definition of "medical use" included the "transfer" of marijuana, and in this case, defendant transferred marijuana to Thornton. The circuit court opined that the transfer could be inferred to have occurred for the purpose of assisting in the use or administration of marijuana to alleviate the patient's pain. The circuit court rejected the prosecution's argument that transfers could only occur in the context of a patient-caregiver relationship. In making this determination, the circuit court noted that patients were not required to select a primary caregiver, a conclusion underscored by the fact that children under the age of 18 are required under MCL 333.26426(b), to have a primary caregiver. Thus there did not need to be a patient-caregiver relation-

ship to justify the transfer of marijuana under the MMMA. Having found defendant was engaged in the "medical use" of marijuana, the circuit court granted defendant's motion to dismiss, and on December 22, 2011, the circuit court entered a conforming order. The prosecution now appeals as of right.

On appeal, the prosecution argues that the circuit court erred by dismissing the charges against defendant because the MMMA does not grant immunity for patient-to-patient transfers of marijuana. Thus, the issue before us is whether the immunity granted by § 4(a) of the MMMA extends to uncompensated patient-to-patient transfers of marijuana.

We review for an abuse of discretion a trial court's decision on a motion to dismiss charges against a defendant. *People v Campbell*, 289 Mich App 533, 535; 798 NW2d 514 (2010). "A trial court may be said to have abused its discretion only when its decision falls outside the range of principled outcomes." *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012).

We review de novo a trial court's interpretation of the MMMA. *Michigan v McQueen*, 293 Mich App 644, 653; 811 NW2d 513 (2011). The MMMA was enacted as a result of an initiative adopted by the voters in the November 2008 election. *Id.* at 658. This Court explained the rules of construction that apply to the interpretation of an initiative law in *People v Redden*, 290 Mich App 65, 76-77; 799 NW2d 184 (2010):

> "The words of an initiative law are given their ordinary and customary meaning as would have been understood by the voters." *Welch Foods, Inc v Attorney General*, 213 Mich App 459, 461; 540 NW2d 693 (1995). We presume that the meaning as plainly expressed in the statute is what was intended. *Id.* This Court must avoid a construction that would render any part of a statute surplusage or nugatory, and "[w]e must consider both the plain meaning of the

critical words or phrases as well as their placement and purpose in the statutory scheme." *People v Williams*, 268 Mich App 416, 425; 707 NW2d 624 (2005).

It is illegal for a person to possess, use, manufacture, create, or deliver marijuana under the Public Health Code (PHC), MCL 333.1101 *et seq. McQueen*, 293 Mich App at 658; see also MCL 333.7401(2)(d); MCL 333.7403(2)(d); MCL 333.7404(2)(d). The medical use of marijuana is permitted "to the extent that it is carried out in accordance with the provisions" of the MMMA. MCL 333.26427(a). The MMMA "sets forth very limited circumstances" under which those involved with the use of marijuana may avoid criminal liability; the MMMA did not repeal any drug laws. *McQueen*, 293 Mich App at 659.

In this case, defendant moved for dismissal of his marijuana charge on the basis of the immunity provided in § 4(a) of the MMMA. MCL 333.26424(a) provides:

> A qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege, including but not limited to civil penalty or disciplinary action by a business or occupational or professional licensing board or bureau, for the medical use of marihuana in accordance with this act, provided that the qualifying patient possesses an amount of marihuana that does not exceed 2.5 ounces of usable marihuana, and, if the qualifying patient has not specified that a primary caregiver will be allowed under state law to cultivate marihuana for the qualifying patient, 12 marihuana plants kept in an enclosed, locked facility. Any incidental amount of seeds, stalks, and unusable roots shall also be allowed under state law and shall not be included in this amount.

As explained in *Nicholson*, 297 Mich App at 198, "a defendant is immune from arrest, prosecution, or penalty pursuant to § 4(a) if he or she (1) is a qualifying

patient, (2) who has been issued and possesses a regis-
try identification card, and (3) possesses less than 2.5
ounces of usable marijuana." Additionally, medical use
in accordance with the MMMA is required for § 4(a)
immunity to apply. *Id.*; MCL 333.26424(a).

In this case, it is not disputed that defendant was a
qualifying patient who was issued and possessed a
registry identification card. Also not disputed is the fact
that the amount of marijuana involved was less than
the 2.5 ounces permitted by the MMMA, and that
defendant received no compensation. Thus, the only
issue is whether the medical use requirement for § 4(a)
immunity is satisfied. "Medical use" is defined by the
MMMA to mean "the acquisition, possession, cultiva-
tion, manufacture, use, internal possession, delivery,
transfer, or transportation of marihuana or parapher-
nalia relating to the administration of marihuana to
treat or alleviate a registered qualifying patient's debili-
tating medical condition or symptoms associated with
the debilitating medical condition." MCL 333.26423(e).

On the basis of the MMMA's definition of "medical
use," this Court in *McQueen* concluded that the MMMA
did not authorize patient-to-patient sales of marijuana.
*McQueen*, 293 Mich App at 670.[2] Specifically, this Court
concluded that the patient-to-patient sale of marijuana
was not protected by the immunity granted in the

---

[2] In *McQueen*, 293 Mich App at 670 n 19, this Court expressly declined
to consider whether uncompensated patient-to-patient transfers of mari-
juana were protected by the MMMA, stating:

   Plaintiff and the Attorney General, as amicus curiae, ask us to
   hold that patient-to-patient conveyances of marijuana that are
   without compensation are not permitted by the MMMA. Their
   position is that the only conveyance of marijuana permitted by the
   MMMA is the conveyance of marijuana from a primary caregiver
   to his or her patients. Because defendants' operation of [a medical
   marijuana dispensary] involves the selling of marijuana, and
   because the selling of marijuana is not permitted by the MMMA,

MMMA because the term "sale" was not included in the statutory definition of "medical use." *Id.* at 668. This Court explained:

> The delivery or transfer of marijuana is only one component of the sale of marijuana—the sale of marijuana consists of the delivery or transfer *plus* the receipt of compensation. The "medical use" of marijuana, as defined by the MMMA, allows for the "delivery" and "transfer" of marijuana, but not the "sale" of marijuana. MCL 333.26423(e). We may not ignore, or view as inadvertent, the omission of the term "sale" from the definition of the "medical use" of marijuana. [*Id.*]

Unlike the sale of medical marijuana, the delivery or transfer of marijuana, absent the exchange of compensation, is specifically included in the MMMA's definition of "medical use." Thus, the circumstances present in this case are distinguishable from the circumstances in *McQueen*. Nevertheless, the prosecution argues that the statute's inclusion of "transfer" in the definition of "medical use" only refers to the transfer of marijuana between caregivers and patients, and that the transfer of marijuana between patients does not constitute medical use. The prosecution supports this argument by reading § 4 as limiting patients to only two options: either grow their own marijuana or name a primary caregiver to provide them with marijuana. However, adoption of the prosecution's position would require us to read limitations into the MMMA that the plain language of the statute does not express because the MMMA does not explicitly limit patients in the fashion the prosecution urges. Further, the MMMA does not place any restrictions on the transfer or delivery of marijuana between adult patients, and we decline to

---

we need not, and do not, reach the issue whether the MMMA permits uncompensated patient-to-patient conveyances of marijuana.

read any such restriction into the act. See *People v Burton*, 252 Mich App 130, 135; 651 NW2d 143 (2002) ("It is not the job of the judiciary to write into a statute a provision not included in its clear language."). Consequently, we hold that the circuit court did not err by granting defendant's motion to dismiss the charged crime because the transfer and delivery of marijuana between registered patients constitutes "medical use" that is protected by § 4(a) of the MMMA.

Affirmed.

CAVANAGH, P.J., and HOEKSTRA and SHAPIRO, JJ., concurred.