E R ZEILER EXCAVATING, INC
v VALENTI TROBEC CHANDLER INC

Docket No. 257447. Submitted February 15, 2006, at Detroit. Decided
April 18, 2006, at 9:10 a.m. Leave to appeal sought.

E. R. Zeiler Excavating, Inc., brought an action in the Monroe
Circuit Court against Valenti Trobec Chandler Inc., NAS Surety
Group, and DOMA Properties Limited Partnership. The plain-
tiff had been a subcontractor for construction work on property
owned and developed by DOMA. After the termination of its
services, the plaintiff had filed a demand for binding arbitration
against the contractor and a claim of lien under the Construc-
tion Lien Act (CLA), MCL 570.1101 *et seq.* The contractor had
filed a bond to discharge the construction lien, with NAS as
surety. When the plaintiff received an arbitration award in its
favor three years later and obtained a judgment against the
contractor, it had sought payment from NAS under the bond,
but NAS had refused. The plaintiff's action sought payment
pursuant to the bond under MCL 570.1116 or, in the alternative,
reinstatement of the construction lien. Valenti was dismissed by
the parties' stipulation, and the plaintiff moved for summary
disposition. The court, William F. LaVoy, J., denied the plain-
tiff's motion and granted summary disposition for NAS and
DOMA, concluding that the one-year period of limitations for
enforcing a claim of lien under MCL 570.1117 also applied to
this action. The court also denied DOMA's request for attorney
fees. The plaintiff appealed, and DOMA cross-appealed.

The Court of Appeals *held*:

1. The trial court erred by holding that the plaintiff's action
was time-barred. A construction lien is an encumbrance on the
title of property. It may be discharged under MCL 570.1116 by the
recording of a surety bond. While MCL 570.1117 provides a
one-year period of limitations for enforcing a construction lien,
MCL 570.1116 is silent with respect to any period of limitations for
an action on a surety bond. By its plain language, the one-year
limitations period of MCL 570.1117 applies only to enforcement of
construction liens and foreclosure on them. Given the different
nature of surety bonds, and the detailed construction lien statu-

tory scheme, the Legislature intended the six-year period of limitations for contract actions of MCL 600.5807(8) to apply to the claim in this case. The plaintiff is not entitled to summary disposition, however, because the case must be remanded for a determination of the liability issue.

2. Although it adopted the wrong rationale, the trial court did not err by dismissing the plaintiff's claim against DOMA. This claim was an alternative to the plaintiff's claim against NAS if recovery could not be obtained on the surety bond. MCL 570.1116(3) permits the court to grant equitable relief in an action on a surety bond. Because the alternative claim is no longer at issue, however, DOMA is entitled to summary disposition.

3. The trial court did not err by denying DOMA's request for attorney fees under MCL 570.1118(2). The plaintiff's alternative claim against DOMA for equitable relief was reasonably based on a belief in its legal merits, given the absence of authority interpreting the CLA provisions at issue and the express provision for equitable relief found in MCL 570.1116(3)(c). The plaintiff's claim was not vexatious.

Affirmed in part, reversed in part, and remanded for further proceedings.

LIMITATION OF ACTIONS — SURETY BONDS — CONSTRUCTION LIENS.

The six-year period of limitations for a breach of contract action applies to an action under the Construction Lien Act on an surety bond obtained to discharge a construction lien (MCL 570.1116, 600.5807[8]).

*Williams, Williams, Ruby & Plunkett, P.C.* (by *Thomas G. Plunkett* and *Richard E. Rassel, III*), for E. R. Zeiler Excavating, Inc.

*Alber Crafton, PSC* (by *Phillip G. Alber* and *Omar J. Harb*), for NAS Surety Group.

*Charles W. Royer* and *Robert D. Hicks* for DOMA Properties Limited Partnership.

Before: HOEKSTRA, P.J., and NEFF and OWENS, JJ.

NEFF, J. In this action under the Construction Lien Act (CLA),[1] plaintiff E.R. Zeiler Excavating, Inc. (Zeiler), appeals as of right an order of the trial court granting summary disposition in favor of defendant NAS Surety Group[2] (NAS) and defendant DOMA Properties Limited Partnership (DOMA) on the grounds that the statute of limitations barred Zeiler's surety bond claim against defendants. DOMA cross-appeals the trial court's denial of its request for attorney fees under MCL 570.1118(2). We reverse the grant of summary disposition for NAS and remand this matter for further proceedings. We affirm the grant of summary disposition for DOMA and affirm the denial of DOMA's request for attorney fees.

I

This case presents a narrow issue of first impression to determine whether the one-year limitations period for filing an action to enforce a construction lien, MCL 570.1117(1), governs an action to enforce a surety bond pursuant to MCL 570.1116. Because the one-year period of limitations under MCL 570.1117 expressly applies to "[p]roceedings for the enforcement of a construction lien and the foreclosure of any interests subject to the construction lien," which are enforcement proceedings independent of and distinct from an action on a bond under the CLA, we hold that the one-year period of limitations does not govern plaintiff's action on the bond.

II

This action arises from a construction lien claim filed by Zeiler, a subcontractor, for amounts due for excavat-

---

[1] MCL 570.1101 et seq.

[2] Also known as North American Specialty Insurance.

ing and underground services in the construction of a subdivision in Frenchtown Township for property owner and developer DOMA. In May 1999, Zeiler entered into an excavating contract with Robertson Builders, Inc. (Robertson), the general contractor retained by DOMA for the subdivision project. According to Zeiler, on June 2, 2000, either Robertson or DOMA decided to terminate Zeiler's services. Zeiler alleged that Robertson owed Zeiler $216,259 for work performed under the contract.

On June 28, 2000, Zeiler filed a demand for mandatory binding arbitration pursuant to its contract with Robertson. Zeiler also filed a claim of lien under the CLA on July 7, 2000. Shortly after, on August 1, 2000, Robertson filed a bond to discharge the construction lien on DOMA's property.[3] The bond named Zeiler as obligee, NAS as surety, and Robertson as principal.[4]

When Zeiler subsequently received an arbitration award in its favor three years later and obtained a judgment against Robertson for $159,125, Zeiler pursued payment from NAS under the surety bond. NAS declined to pay. NAS asserted that because Zeiler failed to take action against NAS within one year of the lien claim, any action by Zeiler on the bond was time-barred.

Zeiler filed this action, alleging that under the CLA provisions for discharging a claim of lien by filing a bond, MCL 570.1116, NAS was liable for payment of the $159,125. In the alternative, Zeiler requested reinstate-

---

[3] As explained in part IV(B), in accordance with MCL 570.1116, a surety bond releases the property encumbered by a construction lien from potential liability and instead exposes the surety, in this case NAS, to potential liability.

[4] Defendant Valenti Trobec Chandler Inc. acted as the agent of NAS in securing the bond for the benefit of Robertson and DOMA. By stipulation of the parties, Valenti was later dismissed with prejudice from this lawsuit and is not involved in this appeal.

ment of the construction lien in the event that the bond that discharged the lien was invalid. Immediately after filing its complaint, Zeiler filed a motion for summary disposition under MCR 2.116(C)(10), arguing that (1) under the bond, NAS was obligated to pay for any successful claim against Robertson and that no other conditions appear in the bond or are permitted under the CLA and (2) MCL 570.1116, which governs surety bonds under the CLA, does not contain a one-year enforcement limitation.

The trial court denied Zeiler's motion for summary disposition, granted the motion of NAS for summary disposition under MCR 2.116(C)(7) and (10), and granted summary disposition to DOMA under MCR 2.116(I)(2). The court denied DOMA's request for attorney fees. The court held that the period of limitations for enforcing a claim of lien under MCL 570.1117 also applied to this action, and thus Zeiler's rights lapsed one year after Zeiler recorded its claim of lien. Citing MCL 570.1302(2), the court reasoned that Zeiler was entitled to bring a separate action on the contract, which would have tolled the limitations period pending the outcome of arbitration. The court concluded that Zeiler's failure to do so barred any action against defendants for the enforcement of the arbitration award.

III

This Court reviews de novo a trial court's denial of summary disposition to determine whether the moving party was entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Statutory interpretation and whether a period of limitation applies in particular circumstances are questions of law, which we also consider de novo on

appeal. *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29, 32; 658 NW2d 139 (2003); *Detroit v 19675 Hasse,* 258 Mich App 438, 444; 671 NW2d 150 (2003).

Summary disposition under MCR 2.116(C)(10) is properly granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Smith v Globe Life Ins Co,* 460 Mich 446, 454; 597 NW2d 28 (1999). The moving party must specifically identify the undisputed factual issues and has the initial burden of supporting its position with documentary evidence. *Id.* at 455; *Maiden, supra* at 120. The responding party must then present legally admissible evidence to demonstrate that a genuine issue of material fact remains for trial. *Id.*; *Smith, supra* at 455 and n 2.

Summary disposition under MCR 2.116(C)(7) is proper when a claim is barred by the statute of limitations. *Maiden, supra* at 118 and n 3. In determining whether summary disposition was properly granted under MCR 2.116(C)(7), this Court "consider[s] all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Fane v Detroit Library Comm,* 465 Mich 68, 74; 631 NW2d 678 (2001).

IV

Plaintiff argues that the CLA contains no express or implied provision under MCL 570.1116 for a one-year period of limitations on the enforcement of surety bonds, as it does for the enforcement of construction

liens. Accordingly, the trial court erred in holding that plaintiff's action was time-barred. We agree.

### A

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). The first criterion in determining intent is the specific language of the statute. *Halloran v Bhan*, 470 Mich 572, 577; 683 NW2d 129 (2004). The fair and natural import of the terms employed, in view of the subject matter of the law, governs. *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998).

"If the statute is unambiguous, the Legislature is presumed to have intended the meaning expressed and judicial construction is neither required nor permitted. However, if reasonable minds can differ concerning the meaning of a statute, judicial construction of the statute is appropriate." *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368, 373; 652 NW2d 474 (2002) (citation omitted).

### B

Although the facts and proceedings in this case are complicated, the legal analysis is straightforward. MCL 570.1116 is silent concerning any period of limitations for an action on a bond. Although MCL 570.1117 expressly provides for a one-year period of limitations, the provision applies by its plain language to the enforcement of construction liens and foreclosure on them. We find no basis for extending the one-year period of limitations to actions on bonds filed under MCL 570.1116 contrary to the express statutory scheme

established by the Legislature. We agree with Zeiler that the six-year period of limitations for contract actions, MCL 600.5807(8), applies to its claim against NAS.

The plain language of the CLA undermines defendants' assertion that the Legislature, by its silence, intended a one-year limitation under MCL 570.1116. A more reasonable conclusion is that the Legislature intended a short period of limitations only for construction liens, primarily on the basis of important operative differences between such liens and surety bonds.

The CLA governs the rights of the parties and provides:

> Each contractor, subcontractor, supplier, or laborer who provides an improvement to real property shall have a construction lien upon the interest of the owner or lessee who contracted for the improvement to the real property, . . . the interest of an owner who has subordinated his or her interest to the mortgage for the improvement of the real property, and the interest of an owner who has required the improvement. A construction lien acquired pursuant to this act shall not exceed the amount of the lien claimant's contract less payments made on the contract. [MCL 570.1107(1).]

A construction lien "shall attach to the entire interest of the owner or lessee who contracted for the improvement, including any subsequently acquired legal or equitable interest." MCL 570.1107(2). Accordingly, a construction lien is an encumbrance on the title to the property and encourages payment to resolve disputes regarding services performed on the property and acts as security for contractors who perform the services.

A construction lien may be discharged if a bond is recorded with the county clerk. MCL 570.1116(1). The bond must name the lien claimant as the obligee and

must "be in the penal sum of twice the amount for which the lien is claimed and shall be conditioned on the payment of any sum for which the obligee in the bond may obtain judgment on the claim for which the claim of lien was filed." *Id.* "The bond may be either a cash bond executed by a principal, or a surety bond executed by a principal and a surety company authorized to do business in this state." *Id.* The bond at issue in this case is the latter.

"In an action brought in connection with the claim of the obligee" of a surety bond, the court may reduce the amount of the bond, order other or additional surety, or "[g]rant any other relief the court considers to be equitable." MCL 570.1116(3). MCL 570.1116 is silent on the period of limitations for bringing such a claim. In the case of construction liens, MCL 570.1117 is not silent: "Proceedings for the enforcement of a construction lien and the foreclosure of any interests subject to the construction lien shall not be brought later than 1 year after the date the claim of lien was recorded." MCL 570.1117(1). If a proceeding to enforce a construction lien is not brought within one year, a person with an interest in the real property affected by the lien may secure a certificate verifying that fact from the county clerk, and the certificate may be recorded with the register of deeds, after which the claim of lien is of no effect. MCL 570.1128. The county clerk issued such a certificate in this case.

The parties offer competing interpretations of the silence of MCL 570.1116 with regard to any period of limitations. Zeiler contends that the Legislature, by its silence, did not intend the same one-year period of limitations for surety bond claims as that which it expressly set forth in MCL 570.1117. Instead, it argues that the six-year period of limitations for breach of contract under

MCL 600.5807(8) should apply. Defendants assert that this Court should interpret the two provisions in harmony, and thus subject to the same period of limitations of one year.

We agree with Zeiler's argument and reasoning. In light of the detailed CLA statutory scheme, we conclude that the Legislature, by its silence, did not intend the same one-year period of limitations for surety claims as that which it expressly provided for enforcement of construction liens through foreclosure proceedings.

MCL 570.1128 explicitly provides an administrative mechanism for certifying that a proceeding under a construction lien has not commenced after one year, "after which the statement or claim of lien shall have no effect." No corresponding provision exists with regard to a surety bond pursuant to which no claims were filed within one year.

More importantly, the differences between construction liens and surety bonds convince us that the Legislature, in accordance with the plain language expressed, intended a shorter period of limitations for the former, but not the latter. Construction liens expose real property to liability. The public has a "substantial interest in the certainty of land titles." *Northern Concrete Pipe, Inc v Sinacola Cos-Midwest, Inc*, 461 Mich 316, 322; 603 NW2d 257 (1999). The Legislature therefore had good reason to require a short period of limitations for construction lien claims. Otherwise, stale claims would cloud title to real property for extended periods, and early settlement of disputed claims would not be encouraged.

A surety bond, on the other hand, releases the real property from potential liability. From plaintiff's perspective, the bond acts in the nature of an insurance contract giving the contractor security by way of an

action to enforce the contract against a surety up to twice the amount of the original lien. MCL 570.1116(1). The bond, which has either the cash backing of a principal or the institutional reliability of a licensed surety, *id.*, removes the need for leverage over the real property. Therefore, the risks and the rights at stake are materially different under construction liens and surety bonds. The bond does not merely replace the lien with something of equal value. A short period of limitations for liens is aimed not at "how much" is to be recovered, but "how" recovery may be obtained. Surety bonds do not bring with them the prospect of foreclosure actions that the Legislature took care to see settled quickly in the interest of the public.

The trial court erred in concluding that a one-year period of limitations applied to Zeiler's claim. Accordingly, as Zeiler contends, the six-year limitations period for breach of contract, MCL 600.5807(8), applies.

Zeiler further contends on appeal that it is entitled to a grant of summary disposition in its favor. However, while it appears that Zeiler's position is correct, because the trial court erroneously granted summary disposition on the basis that Zeiler's claim against NAS was time-barred and did not reach the issue of liability, we remand this action for decision by the trial court in the first instance.

V

With regard to DOMA, although the court adopted the wrong rationale, it did not err in dismissing the claim against DOMA. Zeiler's claim against DOMA was stated as an alternative to the claim against NAS on the bond. In the event recovery could not be obtained on the bond, Zeiler requested that the court exercise its equi-

table powers and reinstate the construction lien against DOMA. MCL 570.1116(3) permits the court to grant any other relief the court considers to be equitable:

> In an action brought in connection with the claim of the obligee, the court may do 1 or more of the following:
>
> (a) Order the amount of the bond to be reduced.
>
> (b) Order other or additional surety to be provided.
>
> (c) Grant any other relief the court considers to be equitable.

Zeiler states that its claim against DOMA encompassed only the equitable request for reinstatement of its claim of lien and that no request is made in the instant action to enforce a construction lien in a foreclosure proceeding under MCL 570.1118. Zeiler further states that the inclusion of DOMA as a defendant was a direct result of the position taken by NAS that any obligation on the bond pertains only to a judgment "against the property" for the enforcement of the lien, a condition that may render the bond invalid under MCL 570.1116. Zeiler thus sought reinstatement of the claim of lien in the event the bond was declared invalid or inconsistent with the CLA.

The arguments and record before us indicate no basis for declaring the bond invalid or inconsistent with the CLA. Zeiler's alternative claim against DOMA thus appears to be no longer at issue. DOMA is therefore entitled to summary disposition with regard to Zeiler's claim for equitable relief.

VI

On cross-appeal, DOMA argues that the trial court erred in denying its request for attorney fees under

MCL 570.1118(2) on the ground that Zeiler's claim against DOMA was not vexatious.[5] We disagree.

MCL 570.1118(2) provides:

> In each action in which enforcement of a construction lien through foreclosure is sought, the court shall examine each claim and defense that is presented, and determine the amount, if any, due to each lien claimant or to any mortgagee or holder of an encumbrance, and their respective priorities. The court may allow reasonable attorneys' fees to a lien claimant who is the prevailing party. *The court also may allow reasonable attorneys' fees to a prevailing defendant if the court determines the lien claimant's action to enforce a construction lien under this section was vexatious.* Attorneys' fees allowed under this section shall not be paid from the homeowner construction lien recovery fund created under part 2. [Emphasis added.]

The trial court found that Zeiler's complaint was not devoid of legal merit. The court noted that Zeiler established an arguable legal position in good faith concerning the applicable construction lien jurisprudence because the CLA sets forth no specific limitations period for an action under MCL 570.1116, and counsel was thereby acting in the best interests of the client. Contrary to DOMA's argument, the court's reasoning was not erroneously confined to the claim against NAS. The court's general reasoning applies to Zeiler's claim against DOMA.

A court's decision whether to award attorney fees under the CLA is reviewed for an abuse of discretion. *Vugterveen Systems, Inc v Olde Millpond Corp*, 210 Mich App 34, 46; 533 NW2d 320 (1995), aff'd in part and vacated in part 454 Mich 119 (1997); *Superior*

---

[5] Given our conclusion that the claim clearly was not vexatious, we do not address the parties' additional arguments concerning the scope or applicability of the attorney fee provision.

*Products Co v Merucci Bros, Inc,* 107 Mich App 153, 159; 309 NW2d 188 (1981). "A trial court's finding that a claim is frivolous or vexatious is reviewed for clear error." *Dillon v DeNooyer Chevrolet Geo,* 217 Mich App 163, 169; 550 NW2d 846 (1996).

As relevant to this case, a "vexatious proceeding" is defined in the appellate context as a proceeding undertaken "without any reasonable basis for belief that there was a meritorious issue to be determined on appeal[.]"[6] MCR 7.216(C)(1)(a). Zeiler's alternative claim for equitable relief cannot be said to be vexatious. Given the absence of authority applying or interpreting the CLA provisions at issue, and the express provision for equitable relief in an action connected to the claim of the bond obligee, MCL 570.1116(3)(c), Zeiler's pursuit of its claim against DOMA was reasonably based on a belief in its legal merits.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[6] The appellate definition encompasses additional circumstances not applicable here.