# STATE OF MICHIGAN

# COURT OF APPEALS

HARRY BLACKWARD,

      Plaintiff-Appellant/Cross-Appellee,

v

CHARLES D. SOWER and REAL ESTATE ONE,
INC (d/b/a MAX BROOCK REALTORS), a
Michigan corporation,

      Defendants-Appellees/Cross-
      Appellants.

UNPUBLISHED
December 11, 2014

No.  318346
Oakland Circuit Court
LC No.  2010-112094-CZ

Before:  RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

## I.  INTRODUCTION

This action springs from the foreclosure of a commercial property in Birmingham. Plaintiff, who owned and mortgaged the property, entered the real-estate business shortly before the beginning of the great recession and subsequently defaulted on his mortgage.  The Birmingham property was thus foreclosed, and because plaintiff failed to redeem it, another buyer purchased the property in late 2008.  Since that time, plaintiff has launched multiple lawsuits against multiple defendants who he interacted with during the course of his ownership of the Birmingham property.

For that reason, this case has a complex procedural history, but the underlying legal issues it presents are relatively simple.  Plaintiff sued defendants for breach of fiduciary duty, silent fraud, and conspiracy in the Oakland Circuit Court.  Because plaintiff, in the guise of an LLC of which he was the managing partner, had already brought these same claims against defendants in 2010, defendants argued to the trial judge that his claims were barred by res judicata and moved for summary disposition under MCR 2.116(C)(7) and (C)(8).  Defendants also requested the trial court impose sanctions on plaintiff per MCR 2.113, MCR 2.114, and MCL 600.2591.  The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(7) and (C)(8) for the reasons articulated by defendants, but refused to grant defendants' request for sanctions.

Plaintiff now appeals the trial court's grant of summary disposition to defendants, while defendants appeal the trial court's denial of sanctions.  Accordingly, the two issues before our

Court on appeal are whether the trial court: (1) properly applied res judicata to bar plaintiff's action; and (2) erred when it refused defendants' request for sanctions. This appeal does not involve the substantive merits of plaintiff's suit—i.e., his claims of breach of fiduciary duty, silent fraud, and conspiracy.

Because the trial court (1) correctly applied res judicata to bar plaintiff's action, and (2) properly rejected defendants' request for sanctions, we affirm its ruling and order.

## II. FACTS AND PROCEDURAL HISTORY

### A. GENERAL BACKGROUND

Plaintiff, along with his then wife,[1] owned property in Birmingham, which they hoped to develop into commercial property, with LaSalle Bank as the anchor tenant. The Blackwards[2] mortgaged the property to The Private Bank and fell behind in their mortgage payments. They eventually defaulted on the loan, and The Private Bank sold the property in a foreclosure sale in December 2008. The Blackwards failed to redeem the property during the relevant time period and thus lost all rights and interest in the property. However, the Blackwards purported to assign their interest in the parcel to Blackward Properties, LLC before the end of the redemption period. The loss of the property motivated the Blackwards (and various entities they controlled) to launch multiple lawsuits against multiple defendants, of which our case is only the latest iteration.

In July 2009, Blackward Properties sued Bank of America (which had purchased LaSalle) in federal court, and made contract claims related to financing of the proposed development.[3] The district court rejected Blackward Properties' suit and held for Bank of America.[4]

### B. THE 2010 LAWSUIT

---

[1] Plaintiff is no longer married to his former wife, and asserted in his April 2013 complaint that she transferred "all rights to the [Birmingham] Property and litigation related to the Property" to him.

[2] Because there are many iterations of "Blackward" involved in this suit, we refer to the parties in the following ways throughout the opinion. Plaintiff Harry Blackward is referred to as "plaintiff," "Harry Blackward" or "Blackward." Blackward Properties, plaintiff's LLC, is referred to as "Blackward Properties." Plaintiff and his former wife, D'Anne Kleinsmith, are together referred to as "the Blackwards."

[3] Blackward Properties initially brought the action in the Oakland Circuit Court, but it was removed to the federal district court in July 2009. See *Blackward Properties, LLC v Bank of America*, 476 Fed Appx 639, 640 (CA 6, 2012).

[4] Blackward Properties appealed the district court's ruling—but the Sixth Circuit Court of Appeals affirmed the decision in 2012. See *Id*. at 639.

Almost immediately after this legal setback, Blackward Properties brought another action in the Oakland Circuit Court ("the 2010 lawsuit"), and sued Charles Sower, Real Estate One, Inc., Ronald Hughes, Hughes Acquisition, LLC, and The Private Bank.[5] It asserted that Blackward Properties—not the Blackwards as individuals—was the proper party to bring claims related to the Birmingham parcel against the defendants, because the Blackwards assigned their interest in the property to Blackward Properties during the redemption period. Among other things, Blackward Properties alleged that defendants Charles Sower and Real Estate One engaged in: (1) breach of fiduciary duty; (2) silent fraud; and (3) conspiracy. Specifically, Blackward Properties alleged that defendant Charles Sower knew about the foreclosure of the Birmingham property before Harry Blackward, and that Sower, who had a fiduciary duty to Harry Blackward, instead conspired with the other defendants so they could buy the property at a low price.

After extensive discovery, the defendants in the 2010 lawsuit filed four separate motions for summary disposition under MCR 2.116(C)(8) and (C)(10). Among other things, the motions asserted that: (1) Blackward Properties' substantive claims were without merit; and (2) Blackward Properties was not the real party in interest to the action under MCR 2.201(B). In August 2012, the Oakland Circuit Court granted defendants' motion for summary disposition and dismissed the 2010 lawsuit in its entirety. In a series of written opinions, it held that: (1) Blackward Properties failed to show that its alleged injuries were in any way caused by defendants' actions; and (2) because the Blackwards' purported assignment of interest in the Birmingham parcel to Blackward Properties did not convey any potential tort claims related to the parcel, Blackward Properties was not the real party in interest to the lawsuit under MCR 2.201(B).

Blackward Properties filed a motion for reconsideration, and argued that its claims had merit, and that it was the real party in interest. In the alternative, Blackward Properties asked the court to allow it to amend its complaint to add the Blackwards, as individuals, as named plaintiffs in the 2010 lawsuit. The Court denied their motion for reconsideration in October 2012, and refused to allow the Blackwards, as individuals, to be added as plaintiffs.

Blackward Properties then appealed the Oakland Circuit Court's rulings to our Court, which consolidated the cases for administrative reasons.[6] In the appeal, among other things, Blackward Properties argued that: (1) the trial court's dismissal of their substantive claims was erroneous; and (2) Blackward Properties received a valid assignment of interest in the Birmingham parcel—which included assignment of interest for any tort claims related to the

---

[5] Charles Sower and Real Estate One, Inc. are also defendants in the instant action.

[6] *Blackward Properties LLC v Charles D Sower*, unpublished order of the Court of Appeals, entered March 12, 2013 (Docket Nos. 313282, 314445, 315072).

parcel—from the Blackwards, thus making Blackward Properties the real party in interest to the 2010 lawsuit.[7]

## C. THE INSTANT CASE

In April 2013, Harry Blackward, as an individual, filed the instant lawsuit against Charles Sower and Real Estate One—the same parties, among others, that Blackward Properties sued in the 2010 lawsuit. The similarities to the 2010 lawsuit do not end there: Harry Blackward made the same claims against defendants, phrased in slightly different terms, as Blackward Properties did in the 2010 lawsuit, and even filed them in the same court, the Oakland Circuit. So, once again, Blackward alleged that defendants: (1) breached their fiduciary duty; (2) engaged in silent fraud; and (3) perpetrated a conspiracy. The only noticeable difference between the 2010 lawsuit and the instant action is the captioned plaintiff—in 2010, Blackward Properties was the named plaintiff; in this case, it is Harry Blackward.

As in the 2010 lawsuit, defendants moved for summary disposition under MCR 2.116(C)(7) and (C)(8), and asserted that all of Blackward's claims were barred by both res judicata and collateral estoppel. In addition, defendants argued that two of plaintiff's claims—breach of fiduciary duty and conspiracy—were barred by the statute of limitations pursuant to MCL 600.5805(10) and 600.5827. Defendants further stated that sanctions should be imposed on plaintiff because: (1) he violated MCL 2.113 and MCR 8.111 when he did not disclose the 2010 lawsuit on the caption of the 2013 complaint that initiated this action; and (2) his lawsuit is a frivolous effort to harass defendants, and thus was filed in violation of MCR 2.114 and MCL 600.2591.

The Oakland Circuit Court held that plaintiff's suit was barred by res judicata, and granted defendants' motion for summary disposition under MCR 2.116(C)(7) and (C)(8). It denied defendants' motion for sanctions, stressing that the outcome of plaintiff's pending appeal of the 2010 lawsuit was uncertain, which required plaintiff to bring the instant action to preserve his claims.

Both parties have appealed a different aspect of the trial court's ruling. Blackward says that the trial court erred when it granted summary disposition to defendants because res judicata does not apply to his claims.[8] Specifically, he argues that the trial court should have ignored the existence of the 2010 lawsuit because Blackward Properties was not the real party in interest to

---

[7] Another panel of our Court rejected these claims and affirmed the decision of the trial court that granted summary disposition to defendants. See *Blackward Properties, LLC v Charles D Sower*, unpublished opinion per curiam of the Court of Appeals, issued November 4, 2014 (Docket Nos. 313282, 314445, 315072). Our Court decided the case entirely on the substantive merits of Blackward Properties' suit, and did not reach the issue of whether Blackward Properties was a "real party in interest" to the case under MCR 2.201(B). *Id.*, slip op at p 5, n 3.

[8] As noted, the substantive assertions of plaintiff's lawsuit—i.e. his claims of breach of fiduciary duty, silent fraud, and conspiracy—are not before our Court on appeal.

that action—he, Harry Blackward, was, as an individual—and that he has not had his day in court.[9] Defendants ask us to uphold the trial court's application of res judicata to reject plaintiff's suit, and also argue that: (1) all of plaintiff's claims are barred by collateral estoppel; and (2) plaintiff's claims for breach of fiduciary duty and conspiracy are barred by the statute of limitations under MCL 600.5805(10) and 600.5827.

Defendants have also brought their own claim on appeal: that the trial court erred when it refused to impose sanctions against plaintiff. Specifically, they argue that sanctions are appropriate because: (1) plaintiff violated MCRs 2.113 and 8.111 when he did not disclose the 2010 lawsuit on the caption of the 2013 complaint that initiated this action; and (2) plaintiff's lawsuit is a frivolous effort to harass defendants, and thus was filed in violation of MCR 2.114 and MCL 600.2591. Plaintiff asks us to uphold the trial court's denial of sanctions against him, because: (1) he disclosed the existence of the 2010 lawsuit to the Oakland Circuit Court when he brought this action; and (2) this action cannot be frivolous because the outcome of his appeal of the 2010 lawsuit was uncertain, and thus required him to bring this action to preserve his "individual" claims against defendants.

## III. STANDARD OF REVIEW

### A. SUMMARY DISPOSITION

A trial court's grant of summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(7) may be granted when "dismissal of the action, or other relief is appropriate because of . . . prior judgment[.]" MCR 2.116(C)(7). "In determining whether summary disposition was properly granted under MCR 2.116(C)(7), [our Court] consider[s] all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *ER Zeiler Excavating, Inc v Valenti Trobec Chandler Inc*, 270 Mich App 639, 644; 717 NW2d 370 (2006) (internal quotation marks omitted).

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. The motion should be granted only when the claim is so legally deficient that recovery would be impossible even if all well-pleaded factual allegations were true and viewed in the light most favorable to the nonmoving party." *USA Cash #1, Inc v City of Saginaw*, 285 Mich App 262, 265; 776 NW2d 346 (2009) (internal citations omitted).

### B. SANCTIONS

---

[9] This argument is an exercise in cognitive dissonance, because it fatally undermines the assertions Blackward Properties made in its other appeal before our Court. The earlier appeal of the 2010 lawsuit was premised on Blackward Properties—not Harry Blackward—being the real party in interest to the claims against defendants. As noted, our Court did not reach the issue of whether Blackward Properties was a "real party in interest" in its adjudication of the matter. See n 7, supra.

A trial court's decision on the imposition of sanctions is reviewed for clear error. *Schadewald v Brulĕ*, 225 Mich App 26, 41; 570 NW2d 788 (1997). "A trial court's decision is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Attorney Fees and Costs*, 233 Mich App 694, 701; 593 NW2d 589 (1999). The interpretation of statutes and court rules, such as MCL 600.2591 and MCRs 2.113, 2.114, and 8.111, are reviewed de novo. *Estes v Titus*, 481 Mich 573, 578–579; 751 NW2d 493 (2008).

## IV.  ANALYSIS

## A.  RES JUDICATA

"Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 715; 848 NW2d 482 (2014). "Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999). The doctrine applies when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Estes*, 481 Mich at 585.

Here, plaintiff wrongly claims that the trial court inappropriately applied res judicata to dismiss his suit. All of the prerequisites for barring plaintiff's action under res judicata are present in this case.

Again, plaintiff's claims against defendants, as asserted in his initial complaint, are identical to those he brought against defendants in the 2010 lawsuit, which was decided on the merits by the Oakland Circuit Court in 2012, and which our Court recently upheld.[10] Thus, the matters contested in this action—breach of fiduciary duty, silent fraud, and conspiracy—were already resolved in the 2010 lawsuit. And the actions involve the same parties and their privies. The two defendants were explicitly named in the 2010 lawsuit—and faced the same claims in that lawsuit as they do today. Plaintiff is a privy of Blackward Properties.[11] He was the

---

[10] Plaintiff makes the creative, yet wholly unconvincing, argument that because the trial court held that Blackward Properties was not a real party in interest to the 2010 lawsuit, the trial court's holdings on the substantive merits of the case are dicta. Plaintiff provides no legal support for this rather bold proposition, other than inapposite case law on the definition of "dicta." "Appellants may not merely announce their position with no citation of supporting authority and, thus, leave it to this Court to discover and rationalize the basis for their claims." *Charles A Murray Trust v Futrell*, 303 Mich App 28, 51; 840 NW2d 775 (2013).

[11] See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 12–13; 672 NW2d 351 (2003) (internal citations and quotation marks omitted):

managing member of the LLC and even filed the 2010 lawsuit on its behalf. And he essentially argued in the 2010 lawsuit that his interests as an individual were interchangeable with those of Blackward Properties. He made the same argument in his appeal of that lawsuit, which, as noted, was recently rejected by our Court.[12] Plaintiff's assertions to the contrary are disingenuous and unavailing.

The trial court thus correctly held that plaintiff's claims are barred by res judicata, and properly granted summary disposition to defendants pursuant to MCR 2.116(C)(7) and (C)(8).[13]

## B. SANCTIONS

As explained above, defendants' sanctions-related appeal involves two allegations: (1) plaintiff violated MCRs 2.113 and 8.111 when he did not disclose the 2010 lawsuit on the caption of the 2013 complaint that initiated this action; and (2) plaintiff's lawsuit is a frivolous effort to harass defendants, and thus was filed in violation of MCR 2.114 and MCL 600.2591. Neither of these arguments is convincing, and the trial court's rejection of them is affirmed.

### 1. MCR 2.113 AND MCR 8.111

Costs and attorneys fees are appropriate "only where specifically authorized by a statute, a court rule, or a recognized exception." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010) (citation and quotation marks omitted). MCR 2.113(C)(2) requires the caption of every complaint to contain one of the following statements:

> [A] privy includes a person so identified in interest with another that he represents the same legal right, such as a principal to an agent, a master to a servant, or an indemnitor to an indemnitee. A privy [also] includes one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through one of the parties, as by inheritance, succession, or purchase. In order to find privity between a party and a nonparty, Michigan courts require both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.

[12] See *Blackward Properties, LLC v Charles D Sower*, unpublished opinion per curiam of the Court of Appeals, issued November 4, 2014 (Docket Nos. 313282, 314445, 315072).

[13] Because plaintiff's lawsuit is barred in its entirety by res judicata, we need not address defendants' other arguments that the lawsuit is also barred by collateral estoppel and the statute of limitations. In any event, defendants' reliance on collateral estoppel is misplaced, because collateral estoppel, among other things, requires that "a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment." *Estes*, 481 Mich at 585. "A decision is final when all appeals have been exhausted or when the time available for an appeal has passed." *Bryan*, 304 Mich App at 716. Here, Blackward Properties could still appeal the 2010 lawsuit to the Michigan Supreme Court, so the decision of the trial court and our Court on the lawsuit that would collaterally estop this action is not "final."

(2) The caption of a complaint must also contain either (a) or (b) as a statement of the attorney for the plaintiff, or of a plaintiff appearing without an attorney:

(a) There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

(b) A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in [this court]/[_____ Court], where it was given docket number _____ and was assigned to Judge _____. The action [remains]/[is no longer] pending.

Here, defendants make a convoluted argument that attempts to link the instructions of MCR 2.113(C)(2) with the requirements of MCR 8.111(D),[14] a court rule that relates to the assignment of "actions arising out of the same transaction or occurrence." This argument is contradicted by the record. The cover sheet of plaintiff's 2013 complaint in Oakland Circuit, which initiated the present action, contains clear reference to the 2010 lawsuit and the fact that it remained pending as of the filing date. Furthermore, the September 26, 2013 docketing statement for plaintiff's instant appeal again makes reference to the 2010 lawsuit by informing the Court that plaintiff also appealed the 2010 lawsuit to our Court. Accordingly, defendant's argument is without merit.

### 2. MCR 2.114 AND MCL 600.2591

---

[14] In its entirety, MCR 8.111(D) reads:

Subject to subrule 8.110(C),

(1) if one of two or more actions arising out of the same transaction or occurrence has been assigned to a judge, the other action or actions must be assigned to that judge;

(2) if an action arises out of the same transaction or occurrence as a civil action previously dismissed or transferred, the action must be assigned to the judge to whom the earlier action was assigned;

(3) the attorney for the party bringing the other action under subrule (1) or the new action under subrule (2) shall notify the clerk of the fact in writing in the manner prescribed in MCR 2.113(C)(2). An attorney who knowingly fails to do so is subject to disciplinary action;

(4) the chief judge may reassign cases, other than those encompassed by subrule 8.111(D)(1), in order to correct docket control problems resulting from the requirements of this rule.

Again, costs and attorneys fees are appropriate "only where specifically authorized by a statute, a court rule, or a recognized exception." *Keinz*, 290 Mich App at 141. As our Court recently explained:

> If a pleading is signed in violation of MCR 2.114(D), the party or attorney, or both, must be sanctioned. MCR 2.114(F) provides that "a party pleading a frivolous claim . . . is subject to costs as provided in MCR 2.625(A)(2)." In turn, MCR 2.625(A)(2) states, "[I]f the court finds . . . an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." [*Holton v Ward*, 303 Mich App 718, 734; 847 NW2d 1 (2014) (internal citations and quotation marks omitted).]

MCL 600.2591(1) requires that when a claim or defense is found to be frivolous, "the court . . . shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney." A lawsuit is "frivolous" when "at least 1 of the following conditions is met":

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a).]

"The determination whether a claim or defense is frivolous must be based on the circumstances at the time it was asserted. And not every error in legal analysis constitutes a frivolous position." *Robert A Hansen Family Trust v FGH Industries, LLC*, 279 Mich App 468, 486; 760 NW2d 526 (2008) (internal citations and quotation marks omitted).

None of the conditions listed in MCL 600.2591(3)(a) are present here. Defendants have not demonstrated that plaintiff's primary purpose in "initiating the action" was to "harass, embarrass, or injure [them]." Nor is the underlying factual basis for this suit contested or at issue. Defendants are correct to observe that plaintiff clearly knows he is bringing the same claims against defendants that he raised in the 2010 lawsuit—which strongly suggests that plaintiff's "legal position" in the instant action is "devoid of arguable legal merit." But the trial court's unnecessarily bifurcated decision in the 2010 lawsuit—in which it held that: (1) Blackward Properties' substantive claims lacked merit; and (2) Blackward Properties was not the "real party in interest"—created the possibility that any appeal of that decision would not address Blackward Properties' substantive claims.[15] Instead, an appeal might have merely affirmed the

_____

[15] As it turns out, our Court did exactly the opposite—it adjudicated the 2010 lawsuit on the merits, and did not address whether Blackward Properties was a real party in interest per MCR 2.201(B).

trial court's decision that Blackward Properties was not the real party in interest. Such a decision would have required plaintiff to bring a lawsuit alleging the same claims, but with himself—i.e., Harry Blackward—as the named plaintiff.

This, of course, is exactly what plaintiff did here, albeit before our Court issued its decision on Blackward Properties' appeal of the 2010 lawsuit. Though plaintiff's claim here is very weak, it is not wholly unreasonable of him to bring this action in light of the trial court's unusual decision in the 2010 lawsuit. Accordingly, though a close question, plaintiff's claims were not "devoid of arguable legal merit" and the trial court correctly denied defendants' request for sanctions pursuant to MCL 600.2591.

## V. CONCLUSION

The trial court properly held that plaintiff's claims were barred by res judicata, and correctly denied defendants' request for sanctions. Accordingly, the order that granted summary disposition to defendants and denied sanctions is affirmed.


/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot