*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DOMESTIC UNIFORM RENTAL,

      Plaintiff-Appellee,

UNPUBLISHED
February 17, 2022

v

A2 AUTO CENTER, A2 AUTO CENTER MAIN,
LLC, A2 AUTO CENTER, INC., and MAJED
KAHALA,

      Defendants-Appellants.

No. 355780
Oakland Circuit Court
LC No. 2020-182065-CB

Before: K. F. KELLY, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

In this commercial contract dispute, defendants appeal as of right the trial court's judgment confirming an arbitration award for plaintiff. Defendants argue the trial court erred by confirming the arbitration award because (1) two of defendants were not party to the agreement; (2) the arbitrator used expedited procedures without agreement of defendants; and (3) the trial court inappropriately referred to the arbitrator the question whether defendants were properly served notice of the arbitration. We agree the trial court erred only insofar as it confirmed, without explanation, the arbitration award against A2 Auto Center Main, LLC. Accordingly, we vacate the trial court judgment only insofar as it relates to A2 Auto Center Main, LLC, remand for further proceedings, and affirm in all other respects.

Plaintiff signed a contract (or "rental agreement") to provide "A2 Auto Center"—listed as the "customer" and the contracting party—with uniforms, shop towels, and mats. The rental agreement was also signed by Majed Kahala, identified as "Owner." The address listed for A2 Auto Center was "1500 E Stadium," Ann Arbor, Michigan. The agreement contained an arbitration provision. A dispute arose, and plaintiff mailed a demand for arbitration to the American Arbitration Association (AAA), indicating "A2 Auto Center" and Kahala were copied on the demand. Various notices were then sent directly from the AAA to defendants at several addresses, including 1500 East Stadium, Ann Arbor, Michigan. Defendants did not appear in the arbitration proceedings until after an award was issued and they were served with notice of plaintiff's circuit court action for confirmation of the award.

In the trial court, plaintiff moved for confirmation of the award, and defendants moved to vacate the award, making various arguments, including that they were not given proper notice of the arbitration process. The trial court referred the question whether notice was properly given under the AAA rules to the arbitrator. The arbitrator determined notice was properly given under the AAA rules, and the trial court entered judgment confirming the award.

"A trial court's decision to enforce, vacate, or modify an arbitration award is reviewed de novo." *Nordlund & Assoc, Inc v Hesperia*, 288 Mich App 222, 226; 792 NW2d 59 (2010).[1] This Court reviews "the legal issues presented without extending any deference to the trial court. Whether an arbitrator exceeded his or her authority is also reviewed de novo." *Radwan v Ameriprise Ins Co*, 327 Mich App 159, 164; 933 NW2d 385 (2018) (quotation marks and citations omitted). The reviewing court's role is generally limited to correcting errors of law which significantly affected the award, and which are evident from the face of the award or the "reasons for the decision as stated." *TSP Servs, Inc v Nat'l-Standard, LLC*, 329 Mich App 615, 620; 944 NW2d 148 (2019). However, certain "threshold question[s]" may be for the trial court in the first instance. See *Altobelli v Hartmann*, 499 Mich 284, 294-305; 884 NW2d 537 (2016) (analyzing "threshold question of whether a dispute is arbitrable" without reference to correction of only errors apparent on face of award).[2]

## I. PARTIES TO THE RENTAL AGREEMENT

Defendants first argue confirmation of the award was error with regard to A2 Auto Center, Inc., and A2 Auto Center Main, LLC, because those two defendants were not party to the rental agreement, and thus never agreed to arbitrate any disputes.

---

[1] While *Nordlund* predated the current arbitration statutory regime, the Uniform Arbitration Act ("UAA"), MCL 691.1681 *et seq.*, the standard of review is unchanged. See *Radwan v Ameriprise Ins Co*, 327 Mich App 159, 164; 933 NW2d 385 (2018) ("This Court reviews de novo a trial court's ruling on a motion to vacate or modify an arbitration award." (quotation marks and citations omitted)).

In general, we recognize some cases cited in this opinion predate the UAA or arose in other contexts. We cite such cases as persuasive authority, or because they relate to principles consistent with the UAA. See *Wold Architects & Engineers v Strat*, 474 Mich 223, 236; 713 NW2d 750 (2006) (noting common-law principles generally remain in force unless clearly modified by the Legislature).

[2] While not challenging this Court's jurisdiction to hear the case under MCR 7.202(6)(a) or MCL 691.1708, plaintiff argues we have no subject-matter jurisdiction over the issues raised by defendants. All of defendants' issues present, at least in part, legal questions. Legal errors by the arbitrator can be corrected by the courts under certain circumstances. See *Altobelli,* 499 Mich at 294-305; *TSP Servs, Inc*, 329 Mich App at 620. Plaintiff makes no persuasive argument that this Court would lack subject-matter jurisdiction to review the issues in this case under the appropriate deferential legal standards for arbitration proceedings. See *Radwan*, 327 Mich App at 164-165.

The parties all recognize the rental agreement is governed by the Uniform Arbitration Act ("UAA"), MCL 691.1681 *et seq*. Under the UAA, the trial court "shall vacate" an arbitration award on motion if:

> (d) An arbitrator exceeded the arbitrator's powers.
>
> (e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under section 15(3) not later than the beginning of the arbitration hearing. [MCL 691.1703(1)(d) and (e).]

The provisions of MCL 691.1703 cannot be modified by the parties to an arbitration agreement. MCL 691.1684(3).

In terms of which entity is to decide the foundational issues in an arbitration case, the default rule is:

> (2) The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.
>
> (3) An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable. [MCL 691.1686(2) and (3).]

These provisions may be modified by contract. MCL 691.1684. The rental agreement in this case does contain provisions which might give the arbitrator power to rule on the existence of an arbitration agreement and related issues. However, only a party to the rental agreement can be said to have agreed to such terms, so they cannot confer power on the arbitrator with regard to nonparties to the rental agreement.

"[A] party cannot be required to arbitrate an issue which [it] has not agreed to submit to arbitration." *Altobelli*, 499 Mich at 295 (quotation marks and citation omitted). Moreover, "a party cannot be required to arbitrate when it is not legally or factually a party to the agreement." *Hetrick v Friedman*, 237 Mich App 264, 267; 602 NW2d 603 (1999) (quotation marks and citation omitted), overruled on other grounds by *Wold Architects & Engineers v Strat*, 474 Mich 223, 236; 713 NW2d 750 (2006); see also *St Clair Prosecutor v American Federation of State, Co & Muni Employees*, 425 Mich 204, 208, 222-224; 388 NW2d 231 (1986) (discussing, in collective bargaining context, the issue of proper parties to the agreement as a threshold question).

The governing law and statutory provisions require the trial court to determine whether the disputed defendants were parties to the arbitration agreement—i.e., whether an agreement exists with respect to those defendants. See MCL 691.1686(2). Because this is a threshold issue and properly for the trial court to decide, our review is not limited to correction of only significant legal errors apparent on the face of the award. See *Altobelli*, 499 Mich at 294-305 (analyzing "threshold question of whether a dispute is arbitrable" without reference to correction of only errors apparent on face of award); cf *Radwan*, 327 Mich App at 165 (analyzing whether arbitrator exceeded his powers by making legal error regarding collateral estoppel under deferential standard).

The rental agreement lists "A2 Auto Center" as the customer, and lists 1500 East Stadium, Ann Arbor, Michigan, as its address. With regard to A2 Auto Center, Inc., though on appeal defendants argue it was not a party to the contract, this represents a change of position. On November 16, 2020, defendants, including A2 Auto Center, Inc., submitted an affidavit by Kahala, in which he averred the rental agreement related to supplies for A2 Auto Center, Inc., and that Kahala signed the rental agreement "in [his] capacity as manager of A2 Auto Center, Inc." Furthermore, Kahala averred A2 Auto Center, Inc., operated at the 1500 East Stadium address, while A2 Auto Center Main, LLC, operated at 907 North Main Street. "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 455 n 1; 733 NW2d 766 (2006) (quotation marks and citation omitted). Accordingly, there was no error in confirming the award against A2 Auto Center, Inc.

This leaves the question whether A2 Auto Center Main, LLC, was also a party to the contract. The trial court did not address the question which defendants were parties to the rental agreement, instead referring at times to a single "defendant," as if all defendants were the same entity. However, Michigan law respects the separate existences of corporate entities—and limited-liability companies—even when one entity owns another, or when a single individual owns an entire entity. See *Wells v Firestone Tire & Rubber Co*, 421 Mich 641, 650; 364 NW2d 670 (1984) ("We recognize the general principle that in Michigan separate entities will be respected."); *Gledhill v Fisher & Co*, 272 Mich 353, 357-359; 262 NW 371 (1935) (in contract case, discussing circumstances under which owner of corporate entity might be held liable for subsidiary's actions); *Rymal v Baergen*, 262 Mich App 274, 293; 686 NW2d 241 (2004) ("The law treats a corporation as an entirely separate entity from its shareholders, even where one individual owns all the corporation's stock."); *Salem Springs, LLC v Salem Twp*, 312 Mich App 210, 222-223; 880 NW2d 793 (2015) (applying these principles to a limited-liability company). As such, it cannot simply be assumed that all the A2 Auto Center entities were parties to the contract, or can be held responsible for each other's contracts.

We conclude the trial court erred by confirming the award against A2 Auto Center Main, LLC, without any indication the trial court considered whether this defendant was a party to the rental agreement. Rather than determining on appeal whether A2 Auto Center Main, LLC, was a party to the rental agreement, we remand so that the trial court may make this determination in the first instance. See *Gottesman v City of Harper Woods*, ___ Mich ___, ___; 964 NW2d 365, 366 (2021) (noting this Court has discretion to remand issue not previously addressed to trial court for decision in first instance); *ER Zeiler Excavating, Inc v Valenti Trobec Chandler, Inc*, 270 Mich App 639, 649; 717 NW2d 370 (2006) (remanding for trial court to determine whether summary disposition should be granted to the plaintiff because, even though the plaintiff's position appeared correct, the trial court had not yet addressed plaintiff's argument).

## II. USE OF EXPEDITED PROCEDURES

Defendants next argue the trial court erred by confirming the arbitration award despite the arbitrator's use of expedited procedures, contrary to AAA rules. Defendants admit this issue is unpreserved. Even were we to overlook the preservation requirement and review this issue, *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006), defendants would

not be entitled to relief under the general standard for reviewing confirmation of an arbitration award, let alone under plain error review.[3]

As a general rule, "[b]ecause arbitrators are comparatively more expert about the meaning of their own rule[s], arbitrators, and not the courts, should resolve procedural matters." *Fette v Peters Constr Co*, 310 Mich App 535, 546; 871 NW2d 877 (2015) (quotation marks and citation omitted). Moreover, generally, an arbitrator's legal errors are only subject to correction if they are "so substantial that, but for the error, the award would have been substantially different." *Radwan*, 327 Mich App at 165 (quotation marks and citation omitted). Likewise, under the plain error standard, errors may generally only be corrected if they affected the outcome of the proceeding. *Bennett v Russell*, 322 Mich App 638, 643; 913 NW2d 364 (2018). Defendants have offered no explanation of how they were prejudiced by the use of expedited procedures in the underlying arbitration, and their argument thus clearly fails.

## III. NOTICE

Finally, defendants argue the trial court impermissibly referred to the arbitrator the question whether notice of the arbitration proceeding was properly given. We disagree.

Under the UAA, an arbitration award shall be vacated, on motion, if "[t]he arbitration was conducted without proper notice of the initiation of an arbitration as required in [MCL 691.1689] so as to prejudice substantially the rights of a party to the arbitration proceeding." MCL 691.1703(1)(f). MCL 691.1689(1), in turn, states that notice must be given "in the agreed manner between the parties or, in the absence of agreement, by certified or registered mail, return receipt requested and obtained, or by service as authorized for the commencement of a civil action." The rental agreement in this case stated arbitration would be "held in accordance with" the AAA rules,[4] and had other specific notice requirements for "deficiencies in service, termination of this agreement, or cancellation of the automatic renewal clause." The AAA rules allow notice of the initiation of arbitration to be given "by mail." 2013 AAA Commercial Arbitration Rules and Mediation Procedures, Rule 43(a).

Defendants argue the trial court wrongly relied on the arbitrator to decide whether service of the initiation of arbitration in this case was governed by the AAA rules. However, the trial court in fact referred to the arbitrator the question "if the Defendant, Respondent, received notice *as required by the Rules of the American Arbitration Association* of the pending Arbitration

---

[3] "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Bennett v Russell*, 322 Mich App 638, 643; 913 NW2d 364 (2018) (citation and quotation marks omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

[4] Parties to an arbitration agreement may not "unreasonably restrict the right . . . to notice of the initiation of an arbitration proceeding." MCL 691.1684(2)(b). However, there is no suggestion by the parties that this provision would be relevant in this case.

hearing" (emphasis supplied). The trial court specified that if the arbitrator determined there was proper notice, the award would be confirmed. The trial court thus *itself* decided that notice under the AAA rules would be sufficient, and asked the arbitrator to determine if such notice was given. The trial court's oral remarks after the arbitrator issued findings of fact on notice confirm this understanding of the trial court's actions.

Defendants' argument is thus based on a mistaken interpretation of the trial court's actions. The arbitrator did address the question whether notice given in accordance with the AAA rules would be sufficient, and came to the same conclusion as the trial court, but the record indicates the trial court had already independently reached that conclusion.[5]

The arbitrator was only tasked with deciding whether the AAA service rules were complied with. There was no error in allowing the arbitrator to make this determination.[6] First, proper notice may be considered a "condition precedent to arbitrability," and "[a]n arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable." MCL 691.1686(3). See *BG Group, PLC v Republic of Argentina*, 572 US 25, 34-35; 134 S Ct 1198; 188 L Ed 2d 220 (2014) (holding, in federal arbitration context, that arbitrators are presumed to be the appropriate entity to decide "procedural preconditions for the use of arbitration," including "notice . . . and other conditions precedent to an obligation to arbitrate" (quotation marks and citation omitted)).

Second, the AAA rules, which were incorporated into the rental agreement, also allow the arbitrator to rule on "his or her own jurisdiction," as well as to "interpret and apply these rules insofar as they relate to the arbitrator's powers and duties." 2013 AAA Commercial Arbitration Rules and Mediation Procedures, Rules 7(a) and 8. Moreover, as already noted, generally, "arbitrators, and not the courts, should resolve procedural matters." *Fette*, 310 Mich App at 546.

## IV. CONCLUSION

We vacate the trial court judgment confirming the arbitration award only with respect to A2 Auto Center Main, LLC, remand for further proceedings, and affirm in all other respects. We do not retain jurisdiction. Appellant A2 Auto Center Main, LLC, may tax costs. Appellee may tax costs against remaining appellants.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer
/s/ Michael F. Gadola

---

[5] On appeal defendants do not directly challenge the determination that notice in compliance with the AAA rules was all that the rental agreement required—instead focusing on their argument that the *arbitrator* could not make such a determination.

[6] Again, defendants do not directly challenge the arbitrator's conclusion that proper service was made under the AAA rules. They only challenge the arbitrator's power to make such a determination.